[No. 26543. Department Two. August 9, 1937.]

*In the Matter of the Application of* FRED POWELL *et al. for a Writ of Habeas Corpus.*[1]

*E. K. Marohn,* for appellants.

*B. Gray Warner* and *Albert D. Rosellini,* for respondent.

STEINERT, C. J.—This is an appeal from an order denying and dismissing a petition for writ of *habeas corpus.*

Fred Powell and Ridge Bentley, appellants herein, were each charged by complaint, filed before a justice of the peace, with the crime of supplying liquor to a minor. Upon a trial before the justice, they entered pleas of guilty and were convicted. Each was sentenced to pay a fine and ordered committed to the county jail until the same was paid.

Appellants then filed in the superior court a petition for writ of *habeas corpus,* seeking release from imprisonment on the grounds that the justice of the peace was wholly without jurisdiction and that the sentences were illegal. Trial was had, at which evidence was introduced, and the application was denied. Appel-

[1]Reported in 70 P. (2d) 778.

lants thereafter took an appeal to the superior court from the judgment and sentence previously rendered by the justice of the peace, and the cause was subsequently set for trial, and is now pending, in the superior court. These facts appear from the statement of facts supplied by appellants.

It appears from a statement in respondent's brief and also by an oral admission of appellants' counsel in the course of the argument before this court that appellants were out on bail at the time of the hearing of this appeal. That being the fact, the case is controlled by certain well settled principles of law.

█ Unless there be an actual or physical restraint of a person, the writ of *habeas corpus* may not issue, and a person released from imprisonment on bail is not so restrained of his liberty as to be entitled to the writ.

This statement of the law is supported by the overwhelming weight of authority. The cases upon the subject will be found in an annotation appearing in 35 L. R. A. (N. S.) 882, appended to the case of *Ex parte Ford,* 160 Cal. 334, 116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, and in a later annotation appearing in 14 A. L. R. 344, appended to the case of *Hyde v. Nelson,* 287 Mo. 130, 229 S. W. 200, 14 A. L. R. 339, supplemented in A. L. R. Blue Book, 1936 Revision, page 107. See, also, 5 A. & E. Ann. Cas. 552.

We will quote from only two of the decisions as illustrative of the general holding.

In *Ex parte Newman,* 33 Ariz. 41, 262 Pac. 10, the court said:

"The office of the writ of *habeas corpus* has always been, and by virtue of the above statute is, to secure one's liberty from actual restraint or custody. A party out on bail is as much at liberty as anyone else. He may come and go as he pleases. If he is in anybody's custody, it is that of his bondsmen, and such custody

is only nominal or constructive. He is neither actually nor constructively in the custody of the sheriff."

From *In re Markus*, 104 N. J. Eq. 513, 146 Atl. 367, we excerpt the following:

"*Habeas corpus* has been described as 'the great and efficacious writ, in all manner of illegal confinement,' and that it is 'directed to the person detaining another and commanding him to produce the body of the prisoner.' 3 Blacks. *131. It is, of course, a high prerogative writ which is made a writ of right by our statute. It is an important method of protecting the liberty of the citizens and is always allowed in a proper cause, which is one where it is made to appear that anyone is illegally restrained of that liberty by another, under any pretense whatsoever. I have never known of an instance, however, where the writ was allowed unless the person in whose behalf it is granted is actually detained by another, either under pretended process of law or otherwise."

We assume from the record before us that appellants gave bail after their petition for the writ had been denied by the superior court. That, however, does not change the legal aspect of the case.

If the accused at any time procures his release from imprisonment by giving bail, he can not thereafter maintain a proceeding, previously begun, for a writ of *habeas corpus*.

In *Johnson v. Hoy*, 227 U. S. 245, 57 L. Ed. 497, 33 S. Ct. 240, which was a proceeding similar to this, the court said:

"But even if it could be claimed that the facts relied on presented any reason for allowing him a hearing on the constitutionality of the act at this time, the defendant would not be entitled to the benefit of the writ, because since the appeal he has given bond in the District Court and has been released from arrest under the warrant issued on the indictment. He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be dis-

charged. The defendant is now at liberty, and having secured the very relief which the writ of *habeas corpus* was intended to afford to those held under warrants issued on indictments, the appeal must be dismissed."

Other questions are presented in the briefs of counsel, but, since the point which we have discussed fully disposes of the case, further consideration is unnecessary.

The appeal is dismissed.

BEALS, HOLCOMB, MILLARD, and ROBINSON, JJ., concur.