## APPLICATION OF PAINTER et al.

(179 N.W.2d 12)

(Files No. 10655, 10656. Opinion filed July 29, 1970)

**Mead Bailey,** Sioux Falls, for appellant William Henry Painter.

**Richard W. Sabers,** Sioux Falls, for appellant Nonine Lee Painter.

**Gordon Mydland,** Atty. Gen., **C. J. Kelly** and **Walter W. Andre,** Asst. Attys. Gen., Pierre, for respondent.

ROBERTS, Presiding Judge.

William Harry Painter and his wife, Nonine Lee Painter, were jointly charged by complaint filed in Municipal Court of the City of Sioux Falls, South Dakota, with unlawful possession of a narcotic drug, namely, marijuana, in violation of Chapter 94, Laws 1968. After preliminary examination defendants were bound over to the Circuit Court of Minnehaha County for trial.

Defendants then commenced in the circuit court separate proceedings in habeas corpus directed against the sheriff of Minnehaha County alleging that it does not appear from competent evidence adduced upon the preliminary examination that a public offense had been committed or that there is sufficient cause to believe the defendants guilty and that the proof did not justify the magistrate in holding defendants for trial. Applicants claim that they, while operating an automobile on a public highway in Minnehaha County, were unlawfully detained and interrogated by a state highway patrolman and a deputy sheriff and during the interrogation were unlawfully arrested; that evidence was obtained by illegal search and seizure resulting in the denial of their constitutional rights; and that there are no facts or circumstances shown of record or inferences to be drawn therefrom which tend to prove independently of the illegally obtained evidence that a public offense had been committed or that there was probable cause to believe that applicants were guilty of the offense as alleged. Trial was had at which evidence was introduced and the transcript of the preliminary examination was received in evidence. Applicants appealed from an order quashing the writs.

It appears from a statement in the brief of counsel for appellant, Nonine Lee Painter, that she was admitted to bail prior to the hearing in the circuit court. After the order quashing the writs appellant, William Harry Painter,

furnished bond conditioned that he would appear in circuit court and answer to the charge against him of unlawful possession of a narcotic and was released from custody. Appellants are not under appeal bonds (SDCL 21-27-24) binding them in the habeas corpus proceedings to abide the results of their appeals. The Attorney General contends that applicants are not imprisoned or restrained of their liberty so as to permit resort to habeas corpus and has moved to dismiss the appeals.

■■ The inquiry on a writ of habeas corpus is directed not to errors and irregularities committed by the trial court acting within its jurisdiction, but only to jurisdictional errors and determination as to whether the proceeding or judgment under which applicant is restrained is void. State ex rel. Smith v. Jameson, 70 S.D. 503, 19 N.W.2d 505. Habeas corpus is not available before trial in the absence of exceptional circumstances as pointed out in State ex rel. Poach v. Sly, 63 S.D. 162, 257 N.W. 113. Applicant therein claimed that in violation of his constitutional right (Const. Art. VI, § 9) he had been subpoenaed and interrogated in a John Doe proceeding when definitely suspected of crime and that he, therefore, could not be lawfully tried or convicted on an information subsequently filed. This court therein said: "This situation is analogous in some respects to prosecution under a statute or ordinance claimed to be unconstitutional, in which case this court has held that habeas corpus would lie. Wangsness v. McAlpine (1924) 47 S.D. 472, 199 N.W. 478. It is perhaps more closely analogous to the cases where there is a claim of privilege or immunity from arrest and in such cases the clear weight of authority supports the rule that habeas corpus will lie. * * * Relator is in jail, unable to make bond. He claims to have a constitutional right not to be prosecuted under the pending information which raises a question jurisdictional in essence. If his contention is correct, it seems hardly just that he should be compelled to remain incarcerated for an indefinite period, undergo trial, and, if convicted, appeal before he is afforded an opportunity to establish it. While the question is perhaps rather close, we are of the view that the case is a proper one for habeas

corpus." The court in the Sly case characterizes the inquiry whether or not habeas corpus was available to the relator who was in custody, unable to furnish bond, seeking a determination of his right not to be prosecuted under a pending information as presenting a question of jurisdiction in essence. If it could be claimed that the facts here relied on present a jurisdictional inquiry, the question that naturally presents itself is whether appellants who are not in custody would be entitled to the benefit of writs. As indicated, relator in the Sly case was in custody of the sheriff from whose custody he sought to be discharged.

■ The appellants as we have stated had been discharged on bail and were not restrained of their liberty at the time of the hearing of their appeals. The great weight of authority is to the effect that a writ of habeas corpus will be denied on behalf of persons discharged on bail. Green v. Wiese, N.D., 78 N.W.2d 776; Ex parte Newman, 33 Ariz. 41, 262 P. 10; Hyde v. Nelson, 287 Mo. 130, 229 S.W. 200, 14 A.L.R. 339; White v. Gladden, 209 Or. 53, 303 P.2d 226; Ex parte Markus, 104 N.J. Eq. 513, 146 A. 367; Ex parte Powell, 191 Wash. 152, 70 P.2d 778; 39 C.J.S. Habeas Corpus § 39b; see also annotation in 77 A.L.R.2d 1307 citing decisions of federal and state courts denying habeas corpus to persons at large on bail.

In Johnson v. Hoy, 227 U.S. 245, 33 S. Ct. 240, 57 L.Ed. 497, wherein applicant pending his appeal was released on bail, the court said:

> "But even if it could be claimed that the facts relied on presented any reason for allowing him a hearing on the constitutionality of the act at this time, the defendant would not be entitled to the benefit of the writ, because, since the appeal, he has given bond in the district court and has been released from arrest under the warrant issued on the indictment. He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be discharged. The defendant is now at liberty, and having secured the

very relief which the writ of habeas corpus was intended to afford to those held under warrants issued on indictments, the appeal must be dismissed."

The court, in Ex parte Newman, 33 Ariz. 41, 262 P. 10, in affirming judgment denying writ of habeas corpus, said:

"The office of the writ of habeas corpus has always been, and by virtue of the above statute is, to secure one's liberty from actual restraint or custody. A party out on bail is as much at liberty as anyone else. He may come and go as he pleases. If he is in anybody's custody, it is that of his bondsmen, and such custody is only nominal or constructive. He is neither actually nor constructively in the custody of the sheriff."

The statutes relating to habeas corpus clearly contemplate that an applicant is not entitled to the benefit of a writ unless he is imprisoned or restrained of his liberty. SDCL 21-27-1 provides that any person "committed or detained, imprisoned or restrained of his or her liberty, under any color or pretense whatever" may apply for a writ of habeas corpus. SDCL 21-27-3 requires that an applicant for writ shall set forth the facts concerning his detention and in whose custody he is detained." SDCL 21-27-16 provides that if on the return it appears that "the applicant is in custody by virtue of process from any court legally constituted", he can be discharged only for one or more of the causes therein specified.

We are cognizant of the rule enunciated in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. The court in interpreting the federal habeas corpus act as amended concluded that a proceeding commenced thereunder while petitioner was incarcerated was not rendered moot when petitioner was released from custody. The court said:

"But the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect

to the relief that may be granted. It provides that '[t]he court shall * * * dispose of the matter as law and justice require.' 28 U.S.C. § 2243. The 1966 amendments to the habeas corpus statute seem specifically to contemplate the possibility of relief other than immediate release from physical custody. At one point, the new § 2244(b) (1964 ed., Supp. II) speaks in terms of 'release from custody or other remedy.' "

The present federal habeas corpus statute is broader than the remedy afforded in this state. cf Roberts v. State, Alaska, 445 P.2d 674. Appellants are not in custody of the sheriff of Minnehaha County to whom the writs were directed or under appeal bonds conditioned that they render themselves in the instant proceedings amenable to the processes of the court.

The appeals are dismissed as moot.

All the Judges concur.