[No. 141-3.    Division Three.    September 28, 1970.]

*In the Matter of the Application for a Writ of Habeas Corpus of* RAYMOND L. FARMER, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

*Raymond Lee Farmer,* pro se.

*Slade Gorton, Attorney General,* and *William L. Britton, Assistant,* for respondent.

PER CURIAM.—Petitioner, Raymond L. Farmer, presently in the custody of the Washington State Penitentiary at

Walla Walla, appeals from a denial of two petitions for writs of habeas corpus.

The record discloses:

(1) A conviction and sentence on May 11, 1951, to a maximum of 10 years for taking a motor vehicle without permission of the owner;

(2) A conviction and sentence on July 1, 1964, to not more than 15 years for grand larceny, with a subsequent parole;

(3) A charge filed on January 9, 1969, alleging the crime of robbery followed by a revocation and a reinstatement of parole upon the posting of bail;

(4) A conviction on the robbery charge on April 3, 1969, with the entry of judgment and sentence on May 16, 1969 to not more than 30 years;

(5) An appeal filed on May 23, 1969 from the judgment and sentence for robbery;

(6) Petitioner having failed to post bail during appeal, parole was suspended on June 9, 1969; and

(7) A warrant to transfer pending appeal was issued June 16, 1969, transferring petitioner from the county jail to the Department of Institutions, with the petitioner's eventual custody being in the Washington State Penitentiary at Walla Walla.

First, petitioner attacks his present incarceration on the ground that he is being held in custody illegally under the conviction in 1951 for the crime of taking a motor vehicle without the owner's permission. The sentence for that crime has expired. Consequently, the trial judge was correct in refusing to grant a writ upon this claim. *Cf. In re Powell,* 191 Wash. 152, 70 P.2d 778 (1937); *Carafas v. LaVallee,* 391 U.S. 234, 20 L. Ed. 2d 554, 88 S. Ct. 1556 (1968).

Second, petitioner contends that he should be held in the county jail pending the appeal rather than the Washington State Penitentiary. Petitioner was transferred from the county jail under the provisions of RCW 36.63.255 which became effective March 31, 1969:

Any person imprisoned in a county jail pending the

appeal of his conviction of a felony and who has not obtained bail bond pending his appeal shall be transferred after thirty days but within forty days from the date judgment was entered against him to a state institution for felons designated by the director of the department of institutions: *Provided,* That when good cause is shown, a superior court judge may order the prisoner detained in the county jail beyond said forty days for an additional period not to exceed ten days.

Petitioner contends that to apply this statute to acts committed prior to its enactment amounts to an increase in punishment and insofar as it is applied to such acts is ex post facto and unconstitutional. This contention is without merit. We agree with the trial judge who concluded:

A mere change in the place of custody, without more, is not an increase in punishment such as to render a law inflicting such punishment ex post facto and void.

*Cf. State v. Rooney,* 12 N.D. 144, 95 N.W. 513 (1903), *aff'd,* 196 U.S. 319, 49 L. Ed. 494, 25 S. Ct. 264 (1905). The trial court was further correct when it concluded that an appeal stays the execution of sentence and that therefore punishment is likewise stayed since punishment is the result of the execution of sentence. RCW 9.95.062. Petitioner, during appeal, is subject to release on bail. The only reason petitioner is presently in custody is his failure to make bail. Since punishment has not yet begun in the legal sense, it cannot be said to have been increased by his transfer from the county jail.

Judgment affirmed.