STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ANDREW FOY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 25, 1977—Decided November 10, 1977.

Before Judges LORA, SEIDMAN and MILMED.

*Mr. Simon L. Rosenbach,* Deputy Attorney General, argued the cause for appellant (*Mr. Stephen R. Champi,* Somerset County Prosecutor, attorney).

*Mr. John J. Trombadore,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Mark H. Friedman,* Asst. Deputy Public Defender, of counsel and on the brief).

Per Curiam. Pursuant to leave granted, the State appealed from an order of the Law Division denying its motion to compel defendant, who was lawfully in custody for one crime, to appear in an other-crime lineup. Judge Meredith's opinion denying the motion is reported at 146 N. J. Super. 378 (Law Div. 1976).

By letter of the Office of the Public Defender dated September 27, 1977 and at oral argument we were advised that defendant was no longer incarcerated; that he had pleaded guilty on May 5, 1977 to the charges on which he was being held at the time of the State's attempt to place him in an other-crime lineup and that on June 10, 1977 he was sentenced to an indeterminate term at Yardville on the robbery count of that indictment and a concurrent indeterminate term for the armed feature thereof, both sentences suspended with concurrent three year terms of probation.

In view of the fact that defendant is no longer in custody, the matters in issue have been mooted. The appeal in its present posture is not the proper vehicle for a determination by us of the constitutional issues involved. Absent a justiciable controversy, we deem it inadvisable to render an opinion which would be necessarily merely advisory in nature. Rybeck v. Rybeck, 150 N. J. Super. 151, 155–156 (App. Div. 1977).

The matter having become moot, the appeal is dismissed without prejudice.