Leslie **MOELLER**, Petitioner
and Appellant,

v.

Herman **SOLEM**, Respondent
and Appellee.

No. 14548.

Supreme Court of South Dakota.

Considered on Briefs Jan. 9, 1985.

Decided Feb. 27, 1985.

Richard Braithwaite, Sioux Falls, for petitioner and appellant.

Robert B. Vrooman, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

WUEST, Acting Justice.

This appeal challenges a circuit court order quashing appellant's writ of habeas corpus.

Prior to January 5, 1975, South Dakota had a district county court system which had jurisdiction over juvenile offenders. Under the terms of SDCL 26–11–4, which included a transfer hearing, a district court could divest itself of jurisdiction over a juvenile and transfer the case to circuit court where the juvenile would be tried as an adult.

On November 20, 1974, Leslie Moeller (appellant) was arrested for grand larceny in Bennett County, South Dakota. He was a seventeen-year-old juvenile at the time of his arrest. The district county court entered an order transferring appellant from district county court to circuit court to be tried as an adult. No transfer hearing was held in accordance with SDCL 26–11–4. On January 10, 1975, appellant appeared before the circuit court, pled guilty to the charge of grand larceny, and was sentenced to one year imprisonment in the South Dakota State Penitentiary.

On September 22, 1983, appellant pled guilty to third offense driving while under the influence of an alcoholic beverage (DWI). He was sentenced to serve one year in the state penitentiary. Appellant applied for habeas corpus to have the 1975 grand larceny conviction held null and void so he would be eligible for parole. The court quashed the writ and appellant was subsequently paroled, released therefrom, and thereby completed his sentence. Thus, we are called upon to determine whether this appeal is moot.

Traditionally, the satisfaction of a sentence by the service of a prison term renders the case moot and precludes a direct review of the conviction or sentence. 9 A.L.R.3d 482 (1968). *See also Henry v. State,* 148 Ga.App. 712, 252 S.E.2d 179 (1979); *Dillingham v. Commonwealth,* 249 S.W.2d 827 (Ky.Ct.App.1952); *Bennett v. State,* 289 A.2d 28 (Me.1972); *Belton v. Vitek,* 113 N.H. 183, 304 A.2d 362 (1973); *State v. Foy,* 153 N.J.Super. 503, 380 A.2d 301 (1977); *Lantz v. State,* 90 Okla.Crim. 379, 214 P.2d 451 (1950); *State ex rel. Renner v. Dept. of H. & S. Serv.,* 71 Wis.2d 112, 237 N.W.2d 699 (1976). A number of

courts, however, have held that an accused's interest in clearing his name from the stigma of a criminal conviction permits a review of his conviction, notwithstanding the contention that the case is moot because he has satisfied the sentence by the completion of a prison term. 9 A.L.R.3d 483 (1968); *Brewster v. United States,* 271 A.2d 409 (D.C.App.1970); *State v. Goodrich,* 256 N.W.2d 506 (Minn.1977); *Mikel v. State,* 550 S.W.2d 863 (Mo.1977); *Com. v. Kelly,* 274 Pa.Super. 242, 418 A.2d 387 (1980).

Indeed, the United States Supreme Court stated in *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917, 931–32 (1968), that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." In *Maxwell v. State,* 261 N.W.2d 429, 432 (S.D.1978), this court stated: "In the course of its opinion, the court set out several examples of collateral consequences such as the following: subsequent convictions may carry heavier penalties, civil rights may be affected, and the conviction may be used to impeach character."

In *Maxwell, supra,* this court acknowledged the United States Supreme Court's reference to these collateral consequences. There, petitioner appealed from a circuit court's dismissal of his petition for post-conviction relief challenging a parole revocation. Subsequent to the dismissal, petitioner was released from prison following the service of his sentence, and we held that the appeal was therefore rendered moot. We cited *State v. Wilson,* 234 N.W.2d 140, 141 (Iowa 1975), for the proposition that "an action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *See also Danner v. Hass,* 257 Iowa 654, 134 N.W.2d 534 (1965). Addressing petitioner's claim that he faced adverse consequences in the revocation of his parole be-

cause parole boards consider prior revocations when determining parole eligibility, we stated that "[t]his court should not hear any appeal on the assumption that the defendant will commit another crime and be imprisoned again, nor should it set the stage for an easier parole for him if he does commit another crime." *Maxwell*, 261 N.W.2d at 432.

In the instant case, appellant argues that while he is now a free man, his conviction for grand larceny in 1975 is in itself sufficient reason for the court to consider the circuit court's decision to quash his writ of habeas corpus. Appellant speculates as to the possible consequences of this third felony conviction upon his future. In *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the United States Supreme Court interpreted the federal habeas corpus act as amended, concluding that a proceeding commenced thereunder while petitioner was incarcerated was not rendered moot when petitioner was released from custody. In *Application of Painter*, 85 S.D. 156, 179 N.W.2d 12 (1970), this court acknowledged cognizance of this interpretation; however, we declined to construe our habeas corpus statutes in this manner, stating that "[t]he present federal habeas corpus statute is broader than the remedy afforded in this state." 85 S.D. at 161, 179 N.W.2d at 14. We further stated:

> The statutes relating to habeas corpus clearly contemplate that an applicant is not entitled to the benefit of a writ unless he is imprisoned or restrained of his liberty. SDCL 21–27–1 provides that any person 'committed or detained, imprisoned or restrained of his or her liberty, under any color or pretense whatever' may apply for a writ of habeas corpus. SDCL 21–27–3 requires that an applicant for writ shall set forth the facts 'concerning his detention and in whose custody he is detained.' SDCL 21–27–16 provides that if on the return it appears that 'the applicant is in custody by virtue of process from any court legally constituted',

he can be discharged only for one or more of the causes therein specified. 85 S.D. at 160, 179 N.W.2d at 14.

In keeping with our decision in *Painter, supra*, we hold that, inasmuch as appellant is neither committed, detained, imprisoned, nor otherwise restrained of his liberty, the appeal is moot and it is unnecessary to consider the merits of this appeal.

The appeal is dismissed.

All the Justices concur.