**Wayne HANSON, Petitioner and Appellant,**

v.

**Dr. David W. BEAN, Administrator of the South Dakota Human Services Center; State of South Dakota, Its agents and employees, Individually, and in their official capacities, Respondents and Appellees.**

**No. 14624.**

Supreme Court of South Dakota.

Argued Jan. 10, 1985.

Decided March 13, 1985.

Michael E. Ridgway, Yankton, for petitioner and appellant.

John W. Bastian, Asst. Atty. Gen., Pierre, for respondents and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Wayne Hanson appeals from an order dismissing his Writ of Habeas Corpus. We dismiss his appeal.

Mr. Hanson was admitted for the fourth time to the South Dakota Human Services Center in Yankton, South Dakota, on a five day emergency petition in February, 1983. On February 8, 1983, the Yankton County Board of Mental Illness committed him involuntarily for one year. On April 26, 1983, he was discharged and then voluntarily admitted himself. On May 10, 1983, after a Petition for Involuntary Commitment was filed and a hearing held, he was involuntarily committed for a period not to exceed one year.

A petition was filed alleging appellant was mentally retarded. On August 12, 1983, a hearing was held on that petition before the Yankton County Board of Mental Retardation. Mr. Hanson was found to be mentally retarded and unable, without assistance, to properly manage or care for himself, making it necessary or advisable for him to be under supervision and care. He was placed under the control of the Board of Social Services for placement in appropriate programs for a period not to exceed one year commencing on August 12, 1983. Until placements could be arranged, he was to remain at the Human Services Center.

When this matter was submitted to the trial court, Mr. Hanson had been diagnosed as developmentally disabled as that term is used in South Dakota statutes. All parties agree that the Human Services Center is not equipped, nor does it have adequate care and treatment programs for Mr. Hanson or others who are developmentally disabled. All seemingly further agree that Mr. Hanson is not mentally ill as that term is defined by our statute. SDCL 27A–1–1.

On November 14, 1983, the trial court issued a Writ of Habeas Corpus concerning Mr. Hanson's release from the South Dakota Human Services Center. Final Judgment dismissing that Writ was filed May 3, 1984. On September 18, 1984, while this appeal from that judgment was pending, Mr. Hanson was unconditionally released from the Center.

■ We must first address whether his release renders this appeal moot. The mootness doctrine admits to two recognized exceptions; "capable of repetition yet evading review," see, *Rapid City Journal v. Circuit Court, Etc.,* 283 N.W.2d 563 (S.D.1979); *Southern Pacific Terminal*

*Company v. Interstate Commerce Commission,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911), and "collateral consequences," *see Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Mr. Hanson argues that the collateral consequences of involuntary commitment commend us to expand Habeas Corpus relief. The thrust of his argument is that the Writ should be utilized in this instance as an instructional tool to County boards, advising them where to place the developmentally disabled. We sympathize with Mr. Hanson and other such disabled persons who need help, but have no suitable existing facility available. We cannot, however, expand Habeas Corpus to give that direction. *Rapid City Journal, supra* at 565, *citing Clarke v. Beadle County,* 40 S.D. 597, 169 N.W. 23 (1918). Such a course would pervert the purpose of the Great Writ and do violence to South Dakota law and precedent. *Id.* SDCL 21–27–5 reads:

> The court or judge to whom the application for a writ of habeas corpus is made, shall forthwith award the writ, unless it shall appear from the application itself or from any document annexed thereto, that the applicant can neither be discharged nor admitted to bail, nor in any other manner relieved.

We held that the writ in *Application of Painter,* 85 S.D. 156, 179 N.W.2d 12 (1970), should be dismissed because the appellant was only on bail. *See also, Maxwell v. State,* 261 N.W.2d 429 (S.D.1978); *Dodds v. Bickle,* 77 S.D. 54, 85 N.W.2d 284 (1957); *State v. City of Veblen,* 56 S.D. 394, 228 N.W. 802 (1930); *See also, Moeller v. Solem,* 363 N.W.2d 412 (S.D.1985). Mr. Hanson, on the other hand, is not under anyone's supervision or control. *Accord, In Interest of Klein,* 325 N.W.2d 227 (N.D. 1982); *Rapid City Journal, supra* at 565,

*citing Campbell v. Fritzsche,* 78 S.D. 593, 105 N.W.2d 675 (1960). *See also,* SDCL 27A–12–4.[1]

In *Application of Painter,* 85 S.D. 156, 179 N.W.2d 12 (1970), we held:

> The statutes relating to habeas corpus clearly contemplate that *an applicant is not entitled to the benefit of a writ unless he is imprisoned or restrained of his liberty.* SDCL 21–27–1 provides that any person "committed or detained, imprisoned or restrained of his or her liberty, under any color or pretense whatever" may apply for a writ of habeas corpus. SDCL 21–27–3 requires that an applicant for writ shall set forth the facts "concerning his detention and in whose custody he is detained." SDCL 21–27–16 provides that if on return it appears that "the applicant is in custody by virtue of process from any court legally constituted" he can be discharged only for one or more of the causes therein specified.

*Painter, supra,* 179 N.W.2d at 14 (emphasis added). We adhere to this precedent.

Mr. Hanson's unconditional release is a change of circumstances which renders the actual controversy nonexistent and effective judicial relief impossible. *See, Rapid City Journal, supra* at 565.

The appeal is dismissed.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.

---

**1.** SDCL 27A–12–4 provides: "All persons found to be mentally ill by the board of mental illness and all persons *confined or in any manner detained* as mentally ill shall be entitled ... writ of habeas corpus." Mr. Hanson is not confined or in any manner detained.