Leslie **MOELLER**, Petitioner
and Appellant,

v.

Herman **SOLEM**, Respondent
and Appellee.

15204.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1986.

Decided Oct. 29, 1986.

Richard Braithwaite, Sioux Falls, for petitioner and appellant.

Robert B. Vrooman, Asst. Atty. Gen., for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

Petitioner Leslie Moeller (Moeller) appeals from a decision of the trial court denying habeas corpus relief. We dismiss the appeal as it is moot.

In November 1974 Moeller was arrested for grand larceny in Bennett County, South Dakota. At the time of his arrest, Moeller was seventeen years of age. At the time of Moeller's arrest South Dakota had not yet adopted the Unified Judicial System. Thusly, because Moeller was a minor, the District County Court had jurisdiction of the proceeding. On January 2, 1975, the District County Court entered an order that Moeller be transferred to answer the grand larceny charge in circuit court and was to be proceeded against as an adult. In circuit court, eight days later, Moeller pleaded guilty to the grand larceny charge and was convicted and sentenced by the trial court.

In his application for a writ of habeas corpus, Moeller contends the circuit court was without jurisdiction to sentence him in January of 1975. He bases this upon the fact that the court did not follow specified mandates in transferring him from district court into circuit court. *See* SDCL 26–11–4 (Appx A appellant's brief). Moeller bases his contention upon *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) and *People in Interest of L.V.A.*, 248 N.W.2d 864 (S.D.1976). In essence, these cases state that the juvenile court must set forth a basis for an order of transfer when a juvenile is to be tried as an adult. It is clear that there is no evidence in the record to show that the factors delineated in *L.V.A.*, *supra*, were considered prior to Moeller's transfer in 1975.

This is not the first time Moeller has challenged his 1975 conviction in a habeas corpus proceeding. *See Moeller v. Solem*, 363 N.W.2d 412 (S.D.1985). In that decision, this court determined that Moeller's appeal was moot because he had been "paroled, released therefrom, and thereby completed his sentence." *Id.* at 413. This court also noted that we " 'should not hear any appeal on the assumption that the defendant will commit another crime and be imprisoned again, nor should it set the stage for easier parole for him if he does commit another crime.' " *Id.* at 414 (quoting *Maxwell v. State*, 261 N.W.2d 429, 432 (S.D.1978)).

We note at this point, and take judicial notice of the fact, that Moeller has been

paroled. Thus Moeller's alleged restraint of liberty, the additional burdens placed upon him in the penitentiary, is no longer a consideration on this appeal. Moreover, as Moeller himself admitted, the 1975 conviction did not affect his parole eligibility; thus, the conviction cannot be said to have some restraint upon his liberty. Inasmuch as we will not assume that Moeller will commit another crime and be imprisoned again we will not entertain this appeal and hereby dismiss it as moot. *See Moeller, supra.* "In keeping with our decision in *Painter,* [85 S.D. 156, 179 N.W.2d 12 (1970)], we hold that, inasmuch as appellant is neither committed, detained, imprisoned, nor otherwise restrained of his liberty, the appeal is moot and it is unnecessary to consider the merits of this appeal." *Moeller,* 363 N.W.2d at 414. *See Petition of Brockmueller,* 374 N.W.2d 135 (S.D. 1985).

The appeal from the trial court's denial of the writ of habeas corpus is dismissed as moot.

WUEST, C.J., and FOSHEIM, J., concur.

SABERS, J., concurs specially.

HENDERSON, J., concurs in result.

SABERS, Justice (concurring specially).

Moeller was convicted in 1975 as an adult even though he was still a juvenile. He attacks the validity of his conviction because his transfer from juvenile to adult court was improper causing the adult court to be without jurisdiction. The State concedes that a valid transfer hearing was *not* held, but claims that the validity of those transfer proceedings is not properly before this court.

This invalid conviction has plagued Moeller since 1975. As indicated in the majority opinion, Moeller has previously challenged this conviction in a habeas corpus proceeding. We held that this appeal was *moot* also. *Moeller v. Solem,* 363 N.W.2d 412 (S.D.1985). Enough is enough! Even the State has an interest in cutting through this red tape. This Court should grant a writ of error coram nobis in accordance with *Petition of Brockmueller,* 374 N.W.2d 135 (S.D.1985).

HENDERSON, Justice (concurring in result).

Under the issues of law presented by this appeal and by the precedent cited in the majority opinion, I must concur in the majority opinion.

However, I am constrained to express that I spiritually join Justice Sabers' reference to *Brockmueller;* indeed, *Brockmueller* is a vehicle to correct wrong. *See* specially concurring opinion of Henderson, J., therein. A coram nobis petition existeth not. From whence, then, may such remedy now flow?