Jerome **BYRNES**, Appellant,

v.

**UNITED STATES of America,
Appellee.**

No. 22472.

United States Court of Appeals
Ninth Circuit.

March 5, 1969.

Certiorari Denied June 23, 1969.
See 89 S.Ct. 2142.

Jerome Byrnes, (argued), Los Angeles, Cal., for appellant.

Gerald F. Ulemen (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosion, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and DUNIWAY, Circuit Judges, and TAYLOR*, District Judge.

FRED M. TAYLOR, District Judge:

The appellant, formerly an investigator in the Alcohol and Tobacco Tax Division of the Internal Revenue Service, was convicted on January 31, 1963, on Counts One through Five and Count Seven of an Indictment charging violations of Title 18 U.S.C. § 872 and § 202. The offenses involved were attempts to extort money from one W. David Tallmadge who was being investigated by appellant. A sentence of eighteen months was imposed on each count, the sentences to run concurrently. Appellant has long since served the sentences so imposed.

The conviction of appellant was the result of a third trial, the first trial resulting in a jury verdict of guilty and a new trial being granted by the trial judge. On the second trial the jury failed to agree on a verdict. After his conviction, appellant moved for a new trial which was denied and on appeal to this court the conviction was affirmed. Byrnes v. United States, 327 F.2d 825 (1964). The Supreme Court denied a petition for certiorari, 377 U.S. 970, 84 S.Ct. 1652, 12 L. Ed.2d 739 (1964). While serving his sentence, appellant moved for a new trial based on newly discovered evidence. The judgment of the trial court denying the motion was affirmed by this court. Byrnes v. United States, 348 F.2d 918 (1965) and certiorari was denied by the Supreme Court, 382 U.S. 997, 86 S.Ct. 584, 15 L.Ed.2d 484 (1966).

* Hon Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

On August 23, 1967, appellant filed a motion to vacate, set aside and void the sentence under and pursuant to Rule 35, Federal Rules of Criminal Procedure, or in the alternative sought relief in the form of a writ of error *coram nobis*. The trial court correctly concluded that Rule 35 was not applicable. It is well settled that the function of Rule 35 is to permit the correction at any time of an illegal sentence and not to examine errors occurring at the trial or other proceedings prior to the imposition of sentence. Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Redfield v. United States, 315 F.2d 76, 81 (9th Cir. 1963); United States v. Lewis, 392 F.2d 440, 442 (4th Cir. 1968). The trial court held that the motion was in the nature of a petition for a writ of error *coram nobis*. Jurisdiction of the court below was asserted under the "All Writs Statute", 28 U.S.C. § 1651(a). Appellee made and filed a motion to dismiss appellant's motion to vacate, set aside and void illegal sentence upon the following grounds:

"(1) The Petitioner's sentence was not an 'illegal sentence' within the meaning of Rule 35, Federal Rules of Criminal Procedure.

"(2) The Court lacks jurisdiction to construe Petitioner's Motion as a Motion for New Trial, pursuant to Rule 33, Federal Rules of Criminal Procedure.

"(3) Petitioner is not entitled to relief under the extraordinary writ of *error coram nobis*.

"(4) The Petition presents no substantive grounds upon which relief could be granted."

The trial court held hearings on October 2, 23 and 24, 1967 and after considering the evidence produced at the hearings made and entered a Memorandum Opinion and Order on November 6, 1967. The court granted appellee's Motion to Dismiss the appellant's Motion to Vacate, Set Aside and Void Illegal Sentence and ordered appellant's motion dismissed from which order appellant has appealed to this court.

Appellee contends that the trial court did not have and likewise this court does not have jurisdiction on the ground that the questions presented were and are moot. We do not agree. In Sibron v. State of New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968), the Supreme Court held "[T]hat a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." In *Sibron* the court stated that in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), "the Court abandoned all inquiry into the actual existence of special collateral consequences and in effect presumed that they existed". 392 U.S. at 55, 88 S.Ct. at 1898. The Supreme Court approved the conclusion in *Pollard* that " 'The possibility of consequences collateral to the imposition of sentence is sufficiently substanial to justify our dealing with the merits' ". The Supreme Court thus recognized that most criminal convictions do in fact entail adverse collateral legal consequences. We therefore hold that the questions in this case are not moot and that the case must be decided on its merits.

The principal basis on which appellant relies for a writ of error *coram nobis* is that a former Assistant United States Attorney, Norman Ollestad, who served in the same district where and at the same time when appellant was convicted, had concealed information in regard to the possibility that a chief witness for the prosecution, William G. Simon, an agent for the Federal Bureau of Investigation, had perjured himself at appellant's trial; and that such concealment constituted misconduct and negligent suppression of evidence which might have been material to appellant's defense. He claims that such misconduct on the part of said Norman Ollestad

prejudicially affected his right to a fair trial which resulted in a wrongful conviction.

At the initial hearing on appellee's Motion to Dismiss held on October 2, 1967, the trial judge continued the matter for three weeks so as to afford appellant sufficient time within which to present proof in support of his motion.

The appellant attached to his motion as exhibits an unsigned document entitled "An Open Apology" and excerpts from a book entitled "Inside the F.B.I." written by Norman T. Ollestad, both of which appellant claimed to have received in the mail from an anonymous person. The appellant principally relied on the excerpts from Ollestad's book and the unauthenticated letter in support of his motion for relief. It appears that Ollestad began writing his book in 1964 after leaving the United States Attorney's office and completed it in June 1967. Since it developed that appellant could not procure an affidavit from Ollestad, the court had him subpoenaed to appear as the court's witness. Mr. Ollestad appeared and testified at the hearings held October 23 and 24, 1967.

Ollestad admitted that the incidents referred to in pages 287 through 295 of his book were based upon evidence surrounding the investigation and trial of the appellant. He also admitted that the account of the evidence described in this book merely reflected his conclusion that William Simon committed perjury. It clearly appears that such conclusion was fabricated from rumors which Ollestad had heard subsequent to appellant's third trial and to which he gave little or no credence at the time of hearing them. It is obvious from the record that the trial court did not give credibility to the writings and testimony of Ollestad. A review of the evidence at the hearings reveals that there was no competent evidence from which the trial court could find and conclude that appellant was entitled to the relief which he was seeking.

It was held in United States v. Cariola, 323 F.2d 180–184 (3rd Cir. 1963) as follows:

> "*Coram nobis* is an extraordinary writ. The jurisdiction of a court to grant relief under it is of limited scope. Any proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise. United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid', can redress be had. * * * Relief will be granted only when circumstances compel such action 'to achieve justice'. United States v. Morgan, supra, 346 U.S. p. 511, 74 S.Ct. p. 252."

A constitutional controversy must be presented upon a petition for relief in the nature of a writ of error *coram nobis*. This extraordinary writ is used to attack convictions involving collateral legal disadvantages which survive the satisfaction of a sentence. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Cariola, supra.

In the Memorandum Opinion and Order made and entered on November 6, 1967, 297 F.Supp. 860, the able trial judge thoroughly detailed the evidence introduced at the hearings and concluded: "[It] does not appear there are circumstances in this matter from which it might be properly concluded that the petitioner could make a showing that would justify the granting of a Writ of Error *Coram Nobis*." We agree. After reviewing the entire record, we are unable to find from the evidence any circumstances which would compel the granting of such a writ in order to achieve justice.

We affirm.