

Augustin Flores Chavez, in pro. per.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Robert P. Risso, Asst. U. S. Atty., San Diego, Cal., for appellant.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

Augustin Flores Chavez petitioned the district court for a writ of error *coram nobis*, challenging the lawfulness of a 1946 federal narcotics conviction. At the time of his petition, appellant was in state prison serving a sentence which had been enhanced as a result of the 1946 prior. Shortly before the hearing scheduled in the district court the state court modified appellant's sentence by disregarding the challenged federal conviction. Consequently, the district court, on motion of the United States, dismissed the *coram nobis* action as moot. This appeal followed.

The district court's dismissal was error. In Byrnes v. United States, 408 F. 2d 599 (9th Cir. 1969) we held that a *coram nobis* proceeding is not moot merely because the petitioner "had long since served the sentences" imposed as a result of the challenged conviction. We stated that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences

will be imposed on the basis of the challenged conviction." 408 F.2d at 601, quoting Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The Government made no such showing.

Reversed and remanded for further proceedings.

CHAMBERS, Circuit Judge (concurring):

I concur only because of our Byrnes v. United States, 408 F.2d 599, but I suggest the case represents a field from which we should remove ourselves or from which someone should remove us.

**YAZOO VALLEY OIL MILL, INC.,**
Plaintiff-Appellant,

v.

**MUSKOGEE IRON WORKS,** Defendant-Appellee.

No. 31125
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 2, 1971.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John C. Satterfield, Yazoo City, Miss., W. M. Whittington, Jr., Greenwood, Miss., for plaintiff-appellant; Satterfield, Shell, Williams & Buford, Yazoo, Miss., Whittington & Brock, Greenwood, Miss., of counsel.

Charles S. Tindall, Jr., Roy D. Campbell, Jr., Greenville, Miss., for defendant-appellee; Lake, Tindall & Hunger, Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., of counsel.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Randall J. WESTFALL, Appellant.**

**No. 71-2014.**

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1971.

Alan Saltzman (argued), of Saltzman & Goldin, Hollywood, Cal., for appellant.

David H. Fox, Asst. Chief, Crim. Div. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, WEICK and CARTER, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed in this selective service case.

We reject the contention that the conviction which occurred on March 16, 1971, has abated because of the provisions of Section 17(c) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 467).

We are not sure that use of 1 U.S.C. section 109 is necessary. But if so, it is our view that the section would preserve the conviction.

The mandate will issue forthwith.

---

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.