Oscar GREEN, Petitioner,

v.

**UNITED STATES PROBATION OFFICE et al., Respondents.**

No. C 80–0063 RPA.

United States District Court,
N. D. California.

Dec. 17, 1980.

# 1004

J. Frank McCabe, Goorjian & McCabe, San Francisco, Cal., for petitioner.

William S. Farmer, Asst. U. S. Atty., San Francisco, Cal., for respondents.

## MEMORANDUM DECISION AND ORDER

AGUILAR, District Judge.

Petitioner, Oscar Green, was charged along with eight others with possession of stolen government property and conspiracy to possess government property. Following a jury trial, petitioner was found not guilty of the substantive offense and guilty of the conspiracy offense. Petitioner's sentence was suspended, and he was placed on probation for a period of one year.

 Petitioner appealed his conviction to the Ninth Circuit, which affirmed the conviction. A writ of certiorari was denied by the United States Supreme Court. Petitioner, now represented by new counsel, brought a writ of habeas corpus in this Court alleging that he was in custody in violation of his Sixth Amendment right to effective assistance of counsel because his trial counsel was ineffective for failing to object to parts of the indictment which pertained to petitioner. Petitioner has now asked that the Court consider the writ to be a writ of error coram nobis because Petitioner's period of probation has ended and thus petitioner is no longer "in custody," a prerequisite for habeas corpus relief. The Court now determines that the writ will be considered to be a writ of error coram nobis as this is the proper writ to use to attack a conviction involving "collateral legal disadvantages which survive the satisfaction of a sentence." *Byrnes v. United States*, 408 F.2d 599, 602 (9th Cir. 1969), *cert. denied*, 395 U.S. 986, 89 S.Ct. 2142, 23 L.Ed.2d 775 (1969).

The essence of petitioner's claim is as follows: the conspiracy indictment against petitioner charges as part of the offense of conspiracy petitioner's act of concealing the truth about the conspiracy to F.B.I. agents; the act of concealing the existence of a conspiracy after the central purpose of the conspiracy has been accomplished cannot be used as an element of the crime of conspiracy pursuant to *Grunewald v. United States*, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); petitioner's act of concealment was improperly used to prove a conspiracy by petitioner; there was no other significant evidence to establish that petitioner was involved in a conspiracy; petitioner was denied his right to effective assistance of counsel by his trial counsel's failure to prevent the act of concealment from being used as an element of the offense of conspiracy; and, finally, that this error by trial counsel prejudiced petitioner's defense. The elements of petitioner's claim will be discussed in the order set forth above.

### 1. *The Indictment.*

Count three of the indictment charges that petitioner "did knowingly and willfully retain with intent to convert to his own use, property of the United States, to wit, certain copper cable and lead ingots; of a value in excess of $100, knowing such to be converted, embezzled, and stolen." Petitioner was acquitted of this charge.

Count four of the indictment is the conspiracy count. The indictment charges that petitioner and others "[b]eginning in August of 1976 and continuing up to the date of this Indictment, ... did unlawfully, willfully, and knowingly conspire and agree together to commit offenses against the United States." The indictment states the objects of the conspiracy were to load copper cable on a truck which drove off United States property to a yard where the cable was sold. The indictment continues that "[i]t was further part of the conspiracy that the defendants would conceal the existence of this conspiracy by making false and misleading statements to the investigators." The indictment then sets forth the overt acts in furtherance of the conspiracy. Only two of the overt acts apply to petitioner. They are:

K. On or about January 11, 1977 at the Naval Supply Center, Oakland, Alameda County, California, FELIX SMITH and

OSCAR GREEN loaded government copper cable onto a truck driven by TRUMAN SWINEY.

O. On January 13, 1977 at the Naval Supply Center, Oakland, Alameda County, California, OSCAR GREEN concealed the truth about this conspiracy from agents of the Federal Bureau of Investigation

It is apparent that the indictment against petitioner charges as part of the offense of conspiracy petitioner's act of concealing the truth about the conspiracy to F.B.I. agents.

2. *Application of Grunewald v. United States.*

In *Grunewald, supra,* the defendants were charged with conspiracy to defraud the United States in regard to certain tax matters. 353 U.S. at 393, 77 S.Ct. at 968. The question of the proper elements of a conspiracy arose in the context of determining when the statute of limitations for the crime of conspiracy is deemed to have run. To avoid the bar of the statute of limitations, the indictment in *Grunewald* charged as an element of the crime of conspiracy an agreement to conceal the acts of the conspirators. This was charged because the alleged overt act of concealment had occurred within three years of the date of the indictment, three years being the time limit for bringing a timely conspiracy action. *Id.* at 394, 77 S.Ct. at 968. This portion of the indictment stated, in essence, that it was a part of the conspiracy to avoid detection and prosecution and to conceal the acts done and the purposes of the conspiracy. *Id.* at 394, fn. 3, 77 S.Ct. at 968 fn. 3.

■ The Supreme Court held that an agreement to conceal a conspiracy cannot be deemed to be a part of the conspiracy. *Id.* at 399, 77 S.Ct. at 971. The Court explained that a conspiracy ends when the main purpose of the conspiracy has been accomplished, and an express or implied subsidiary agreement to conceal is not a part of the original conspiracy. *Id.* at 401, 77 S.Ct. at 972. As stated by the Court:

"The crucial teaching of *Krulewitch* [*v. United States*, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790], and *Lutwak* [*v. United States*, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593], is that after the central criminal purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept a secret and that the conspirators took care to cover up their crime in order to escape detection and punishment. As was there stated, allowing such a conspiracy to conceal to be inferred or implied from mere overt acts of concealment would result in a great widening of the scope of conspiracy prosecutions, since it would extend the life of a conspiracy indefinitely. Acts of covering up, even though done in the context of a mutually understood need for secrecy, cannot themselves constitute proof that concealment of the crime after its commission was part of the initial agreement among the conspirators. For every conspiracy is by its very nature secret; a case can hardly be supposed where men concert together for crime and advertise their purpose to the world. And again, every conspiracy will inevitably be followed by actions taken to cover the conspirators' traces." *Id.* at 401–402, 77 S.Ct. at 972–973.

By way of clarification, the Court states:

"By no means does this mean that acts of concealment can never have significance in furthering a criminal conspiracy. But a vital distinction must be made between acts of concealment done in furtherance of the *main* criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime." *Id.* at 405, 77 S.Ct. at 974.

Thus, later attempts to cover up a crime as it begins to come to light cannot be taken to be overt acts that make up the original conspiracy.

■ In looking at the conspiracy indictment against petitioner in light of *Grunewald*, it appears that that portion of the indictment that charges as part of the of-

fense of conspiracy the acts of petitioner to conceal the offense is improper under *Grunewald.* The portion of the indictment that alleges as an overt act the petitioner's act of concealing the truth to F.B.I. agents does not allege an act of concealment in furtherance of the objectives of the conspiracy itself. It alleges an act done after the central objectives of the conspiracy had been attained and done for the purpose of covering up the crime. This is especially the case as to petitioner when it is noted that many of the defendants in the action had already been arrested before petitioner had been questioned, and had lied, to F.B.I. agents. Petitioner was only trying to cover up the crime as it began to come to light to law enforcement officials.

Thus, as *Grunewald* holds that acts of concealment done only for the purpose of covering up a committed crime cannot constitute overt acts of a conspiracy to commit the crime, and as the indictment in the present case charges petitioner with such acts of concealment as part of the crime of conspiracy, the portions of the indictment that speak of petitioner's acts of concealment to prevent discovery of the substantive crime are improper under *Grunewald.*

### 3. Use of Petitioner's Act of Concealment at Trial.

Petitioner's act of lying to F.B.I. agents formed the major portion of the prosecution's case against petitioner. Not only was the act of lying covered in the testimony; the prosecutor's closing argument emphasized petitioner's concealment. In fact, he stated to the jury that "[i]f you find that he made false and misleading statements to agents of the F.B.I. to cover up this investigation, he is guilty of conspiracy."[1] R.T. 444–445.

### 4. Other Evidence to Establish Petitioner's Guilt on the Conspiracy Charge.

The Court is convinced that the only other evidence offered as to petitioner's guilt of the crime of conspiracy, other than his act of lying to F.B.I. agents, was that petitioner loaded a truck with copper cables.[2]

### 5. Ineffective Assistance of Counsel.

■ A constitutional controversy must be presented by a petition for relief by a writ of error coram nobis. *Byrnes v. United States, supra,* 408 F.2d at 602. A constitutional question is clearly presented in the present case as petitioner claims that his right to effective assistance of counsel was violated. This right is guaranteed by the Sixth Amendment. The standard governing when a court may find a denial of a defendant's Sixth Amendment right to effective assistance of counsel is stated in *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979):

> "The fact that counsel erred is not alone enough to establish a denial of the constitutional right. This follows from the nature of the right itself. The Constitution does not guarantee representation that is infallible. The accused 'assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts ... [H]e is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel ....' *McMann v. Richardson, supra,* 397 U.S. [759] at 774, 90 S.Ct. [1441] at 1450 [25 L.Ed.2d 763]. '[E]rrors by trial counsel of the extent and kind common to all human efforts' do

---

1. Just prior to this statement the prosecutor said:

"Even if you think that Mr. Green or you have doubt that Mr. Green was involved in this prior to the loading of January 11th, he admits he made a false and misleading statement to the F.B.I. to cover up the theft of this property.

"Read the instructions on conspiracy. That is clearly an act that was charged, an

overt act in the conspiracy; a false and misleading statement."
R.T. 444.

2. It should be noted that evidence of petitioner's concealment is admissible to show knowledge of guilt. Thus, even though such evidence is improper as proof of petitioner's commission of the conspiracy charge, the evidence was properly before the Court to show knowledge of guilt.

not establish a violation of the Sixth Amendment. *Rivera v. United States*, 318 F.2d 606, 608 (9th Cir. 1963). Defense counsel's errors or omissions must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney— they must be errors a reasonably competent attorney acting as a diligent conscientious advocate would not have made, for that is the constitutional standard." *Id.* at 1330, fn. omitted.

The errors by petitioner's trial counsel were his failure to object to the portions of the indictment charging as part of the conspiracy offense petitioner's acts of lying to the F.B.I. agents, failure to object to this evidence being used for this purpose at trial, and failure to object to the emphasis of this evidence by the prosecutor in closing argument. It was not until after the jury returned its verdicts that trial counsel finally asserted application of the *Grunewald* case on a motion for new trial.

The Court has read the entire transcript of the trial. The transcript indicates that petitioner's trial counsel had eighteen years of criminal defense experience, and many instances reflected in the transcript show the trial counsel did an adequate or good job in handling trial matters. However, counsel's error in failing to recognize and object to the *Grunewald* problem is a major one. It is one that should not be made by a criminal defense attorney with such experience. This error may well have resulted in petitioner's being convicted of a crime which he did not commit. It is difficult for a court to find that a trial counsel acted diligently when a major error was made which resulted in a conviction where one would likely not have occurred. A criminal conviction deprives a person of certain legal rights, has a stigmatizing effect, and in many cases results in a deprivation of the precious fundamental right to liberty. In the case at bar a great loss has been suffered by petitioner Green in that he has lost his employment and all the accrued benefits of government employment.

Thus, the Court must conclude that the errors of petitioner's trial counsel, in failing to assert the *Grunewald* rules on behalf of petitioner, reflect a failure to exercise the skill, judgment and diligence of a reasonably competent criminal defense attorney acting as a diligent and conscientious advocate. A diligent and conscientious advocate would not have erred in failing to discover and recognize the application of the *Grunewald* holdings to the present case.

### 6. *Prejudicial Effect.*

Once the court finds that the errors or omissions of defense counsel reflect a failure to exercise the skill, judgment or diligence of a reasonably competent criminal defense attorney, the court must find that the defendant seeking relief from these errors was prejudiced thereby. *Cooper v. Fitzharris, supra,* 586 F.2d at 1331.

The United States claims that petitioner was not prejudiced by the failure of trial counsel to object to that portion of the conspiracy prohibited by *Grunewald*, and subsequent use of such evidence at trial, asserting that the jury would have convicted petitioner of conspiracy regardless of whether the concealment allegations were included in the indictment and used at trial or not. The Court disagrees with that conclusion.

As noted earlier, the only significant evidence adduced at trial against petitioner was the evidence that he loaded copper cables onto a truck and that he thereafter lied to F.B.I. agents about the incident, and the prosecutor making such use of the evidence that petitioner lied to F.B.I. agents as a sole basis for finding petitioner guilty on the conspiracy charge.

The fact that the jury found petitioner to be innocent of the substantive offense of theft weighs heavily in the determination of whether petitioner was prejudiced by the *Grunewald* errors by trial counsel. The determination of innocence by the jury on the theft offense leads to the conclusion that the jury would not have found petitioner

guilty of the conspiracy offense *if the jury had known that the evidence of the fact* that petitioner lied to F.B.I. agents could not be used as an element of the offense of conspiracy. Thus, petitioner was prejudiced by the errors of his trial counsel. By finding petitioner innocent of the theft offense, the jury found that petitioner did not know that the copper cable he was loading onto the truck was being stolen. Thus, petitioner could not have been involved in any sort of conspiracy before, or while, he was loading the cable on the truck. This logically means that the jury only used evidence that pertained to petitioner's conduct *after* the acts of loading as a basis for finding him guilty of the conspiracy offense. The only evidence as to petitioner's actions after the act of loading was the evidence that he lied to F.B.I. agents. This evidence should not have been considered as an element of the offense of conspiracy.

In sum, the Court finds that the jury relied upon evidence of acts of concealment done after the central objectives of commission of a crime had been obtained, acts done only for the purpose of covering up a crime, which is prohibited by *Grunewald*, and had this evidence not been used by the jury to prove the offense of conspiracy against petitioner he could not have been convicted of the offense. Thus, petitioner was prejudiced by the errors of his trial counsel. CONCLUSION.

For all the above reasons, the Court finds that petitioner was denied effective assistance of counsel requiring that the conviction on the conspiracy charge be set aside and a new trial on that charge ordered.

Good cause appearing therefor,

IT IS HEREBY ORDERED that the Petition for Writ of Error Coram Nobis is granted, and that petitioner's judgment of conviction on the conspiracy charge is set aside and a new trial on this charge is ordered.

IT IS FURTHER ORDERED that criminal proceedings in case CR 77-354 be reinstated for the purpose of a new trial if necessary. To that end, a pretrial conference is set for January 5, 1981, at 3:30 p. m.