**UNITED STATES of America**

v.

**Daniel DiSALVO.**

**Crim. No. 85–00165–2.**

United States District Court,
E.D. Pennsylvania.

April 3, 1986.

Seth Weber, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Barry H. Denker, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Defendant, Daniel DiSalvo, was convicted of conspiracy to burn a building, two counts of making bomb threats over the telephone, conspiracy to intimidate a potential witness, and intimidation of a potential witness. Defendant has moved for a judgment of acquittal pursuant to Fed.R. Crim.P. 29 which allows the court to set aside a guilty verdict and enter a judgment of acquittal if defendant has been convicted on the basis of insufficient evidence. However, defendant does not contest the sufficiency of the evidence; instead he seeks an acquittal on the basis that five previous motions were erroneously denied.[1] While

---

1. One of these, the motion to sever counts five and six of the indictment, was a written pre-trial motion; the others were, apparently, made orally during trial. Because defendant has provided

it is not clear how these arguments relate to the sufficiency of the evidence, nor whether they are appropriate under a Rule 29 motion, I will nevertheless consider each of defendant's contentions.

■ First, defendant asserts that I erred in denying his motion to dismiss count one of the indictment charging conspiracy to burn a building. DiSalvo contends that co-defendant, James Dunlavey, withdrew from the conspiracy, thereby precluding a conspiracy charge against defendant because conspiracy requires two persons.[2]

This argument not only ignores the fact that Dunlavey pleaded guilty to the conspiracy charge and admitted his guilt at trial, *see* N.T. at 6.72 (July 22, 1985), it completely misconstrues the legal effect of Dunlavey's alleged withdrawal. If Dunlavey had effectively withdrawn from the conspiracy, it would only mean he could not be charged with the subsequent, substantive acts of defendant. Dunlavey's supposed withdrawal would neither negate the pre-existing conspiracy nor preclude prosecution of both conspirators. *See United States v. Read*, 658 F.2d 1225, 1232–33 (7th Cir.), *reh'g denied*, (1981).

Second, defendant claims that I erred in denying his motion to dismiss count three of the indictment charging him with violating 18 U.S.C. § 844(e).[3] DiSalvo argues that count three is fatally ambiguous and duplicitous because it charged him with making one threatening telephone call on February 15, 1985, and the evidence introduced at trial indicated that he made two. Consequently, defendant contends he was prejudiced because he was not fairly apprised of the charges against him, he could not prepare a defense, and the jury was confused.

■ Count three is not fatally ambiguous. While it does not expressly state the number of threatening telephone calls defendant allegedly made on February 15, 1985, it did fairly inform defendant that he was charged with making one or more telephone calls to the Bristol Township Police concerning a bomb at Mr. B's bar. In addition to the indictment, the complaint and warrant and the grand jury transcript, which were provided to the defendant before trial, charged that defendant made two telephone calls on February 15, 1986.[4] *See United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979) (indictment, with other material, fairly apprised defendant of the charges). I, therefore, conclude that defendant had notice of the charges against him and that count three satisfies the standard of clarity required by law. *See* Fed.R.Crim.P. 7(c)(1); *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974).

■ I need not decide whether count three is duplicitous. *See generally* 8 *J. Moore, Moore's Federal Practice* ¶ 8.03[1–2] (2d ed. 1985); 1 *C. Wright, Federal Practice and Procedure* § 142 (2d ed. 1982). *See also Cohen v. United States*, 378 F.2d 751, 754 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215

---

me with a limited transcript, I do not have a complete record of each of the oral motions. Nevertheless, I have reviewed all of the defendant's objections on the basis of the record before me and counsels' memoranda of law.

2. Defendant argues that I erred in failing to find that Dunlavey withdrew as a matter of law. Although he did not submit a formal request for a withdrawal instruction nor object to its omission as required by Fed.R.Crim.P. 30, *see* Defendant's Proposed Jury Instructions; N.T. at 3–13 (July 25, 1985), defendant alternatively argues that I erred in failing to submit the withdrawal question to the jury. In neither case would defendant have been entitled to the dismissal of the conspiracy charge.

3. Count three provides in relevant part:

On or about February 15, 1985, ... defendant Daniel DiSalvo did, through the use of a telephone, maliciously convey false information, knowing this information to be false, concerning an attempt or alleged attempt to damage and destroy a building by means of an explosive, that is, *he telephoned* the Bristol Township Police Department and stated there was a bomb about to go off in Mr. B's Bar.

In violation of 18 United States Code, Section 844(e). (emphasis added).

4. While the grand jury transcript is not part of the record in this case, the defendant does not dispute this assertion by the government.

(1967) (single count charging series of telephone calls during brief period not duplicitous). If it is duplicitous, it did not prejudice defendant and is harmless error for the following reasons. *See* 8 *J. Moore, supra* ¶ 8.04[2] (harmless error standard). The jury was specifically instructed that it must reach a unanimous verdict as to each of the two telephone calls allegedly made on February 15, 1985. In addition, the jury was given a special verdict sheet on which it returned a guilty verdict on the first call and no verdict on the second, thereby indicating that it separately considered the two calls and that it understood and observed the requirement of unanimity.[5] Thus, all of the vices of a general verdict on a duplicitous count were avoided: The defendant was protected from double jeopardy, his interests in sentencing and appeal were preserved, and unanimity was assured.[6] Furthermore, defendant was not prejudiced by inconsistent evidentiary rulings because all of the evidence admissible to prove one telephone call was also admissible to prove the other. *See United States v. Starks,* 515 F.2d 112, 116–17 (3d Cir.1975), (identifying four vices of duplicity) *rev'd in part on other grounds sub. nom. Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *Accord J. Moore, supra,* ¶ 8.03[1].

Third, defendant asserts that my failure to dismiss count five, charging conspiracy to intimidate a witness, was error because this conspiracy was part of the conspiracy to burn a building which was charged in count one. Therefore, DiSalvo argues, the indictment is multiplicitous.[7]

A single conspiracy exists where there is one overall agreement to accomplish an objective and all of the subagreements and acts of subgroups are committed in furtherance of the main criminal objective. *See e.g. United States v. Abushi,* 682 F.2d 1289, 1299–1300 (9th Cir. 1982); *United States v. DiPasquale,* 561 F.Supp. 1338, 137–58 (E.D.Pa.1983), *aff'd,* 740 F.2d 1282 (3d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1226–27, 84 L.Ed.2d 364 (1984). On the other hand, multiple conspiracies exist when there are separate agreements to achieve distinct purposes. *See e.g. DiPasquale,* 561 F.Supp. at 1357–58.

In the present case, the agreement to burn the building and the agreement to intimidate witnesses were separate and served distinct purposes. While the latter agreement may have protected the parties to the former, it did not further the objective of burning the building. It is, therefore, immaterial that the two agreements involved the same conspirators. Moreover, courts have not allowed such concealment agreements to be incorporated into the original conspiracy. *See e.g. Grunewald v. United States,* 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); *Krulewitch v. United States,* 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *United States v. Green,* 594

---

**5.** Further proof of the jury's understanding is provided by the following note sent by the jury during deliberations: "The jury has made decisions on all counts except part 2 of count # 3. Please advise."

**6.** While defendant does not contest the use of a special verdict in his post-trial motions, I recognize that special verdicts are generally disfavored in criminal cases. I, nevertheless, allowed its use in this case for two reasons. First, the special verdict had none of the characteristics which make its use objectionable. *See United States v. Desmond,* 670 F.2d 414 (3d Cir. 1982); *United States v. Frezzo Bros., Inc.,* 602 F.2d 1123, 1129 (3d Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). To the contrary, it was no different in effect than a general verdict on two separate counts. Second, the special verdict protected defendant

from the prejudice associated with a duplicitous count. *See United States v. Palmeri,* 630 F.2d 192, 202–03 (3d Cir.1980) (special interrogatories properly employed to decrease likelihood of juror confusion), *cert. denied,* 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981). Thus, the special verdict protected defendant from possible prejudice while posing no additional prejudice of its own. Indeed, far from causing prejudice, the single count combined with the special verdict ensured that defendant could only be convicted and sentenced on one count even if the jury had unanimously found that he had made both telephone calls.

**7.** The government states in its response that defendant raises this motion for the first time. The record does not indicate that defendant raised this motion at trial.

F.2d 1227, 1229 (9th Cir.1979); *Green v. United States Probation Office,* 504 F.Supp. 1003, 1005 (N.D.Cal.1980). Accordingly, defendant's contention that count five should have been dismissed on the basis of multiplicity is meritless.

■ Fourth, defendant objects that I erred in failing to dismiss counts five and six of the indictment on the basis that Ms. Susan Kirk, the potential witness referred to in these counts, was outside the scope of the statute charged, 18 U.S.C. § 1512.[8] Defendant bases his objection on the premise that "any person" under section 1512 should be construed in the same way as "any witness" under its predecessor, section 1503. Under former section 1503, a witness was one who knew or was expected to know material facts and was expected to testify to them before a pending judicial proceeding.[9] *See United States v. Vesich,* 724 F.2d 451, 456–57 (5th Cir.1984), *reh'g denied,* 726 F.2d 168 (1984). Defendant argues that Ms. Kirk does not satisfy the requirement of a witness under section 1503 and, therefore, is not within the scope of section 1512.

Defendant's contention that the two statutes are coextensive is unwarranted for several reasons. First, the language of the statute was explicitly changed from "any witness" to "any person", *compare* § 1503 *with* § 1512(a)(2), and the new statute expressly eliminates the requirement that there be a *pending* official proceeding. *Compare* § 1512(d)(1) *with Vesich,* 724 F.2d at 457 (under § 1503 defendant must

have knowledge of pending judicial proceeding). Second, the legislative history and purpose of the statute, enacted as part of the Victim and Witness Protection Act, indicate a congressional intent to broaden the scope of former section 1503 in order to offer greater protection to those with knowledge of criminal activity and to thereby encourage them to testify in official proceedings. *See* Pub.L. No. 97–291, § 2, 96 Stat. 1248 (1982). *See also United States v. Hernandez,* 730 F.2d 895, 897–99 (2d Cir.1984) (§ 1512 enacted to provide more extensive protection than § 1503). Third, the defendant has not cited, and independent research has not revealed, any authority for defendant's position that a "person" under section 1512 must also have been a "witness" under section 1503. Consequently, I conclude that there was no error in denying defendant's motion to dismiss counts five and six.

■ Finally, defendant contends that my denial of his motion to sever counts five and six from counts one through four unfairly prejudiced him. Defendant's pre-trial motion was denied because the counts were properly joined pursuant to Fed.R. Crim.P. 8(a) and defendant's conclusory allegations of prejudice were insufficient to support a severance. Defendant's present motion must be denied for the same reason. While defendant recites the standard for severance required by *United States v. Outler,* 659 F.2d 1306, 1313 (5th Cir.1981) ("that he has both important testimony to give on one offense and strong need to

---

8. 18 U.S.C. § 1512 provides in part:
   § 1512. Tampering with a witness, victim, or an informant
   (a) Whoever knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
   * * * * * *
   (2) cause or induce *any person* to—
   (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
   * * * * * *
   (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to

   the commission or possible commission of a Federal offense or a violation of conditions or probation, parole, or release pending judicial proceedings;
   shall be fined not more than $250,000 or imprisoned not more than ten years, or both. (emphasis added).

9. In *United States v. Friedland,* 660 F.2d 919, 930–31 n. 12 (3d Cir.1981), the Third Circuit found that while the first portion of section 1503 may refer to "witness" as a term of art, the second portion of section 1503 was at least broad enough to include a prospective witness. *Cf. United States v. Griffin,* 463 F.2d 177, 178–79 (10th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 344, 34 L.Ed.2d 254 (1972) (§ 1503 includes prospective witness).

refrain from testifying on the other"), he has again failed to support this conclusory allegation with a factual basis. Likewise, defendant has not articulated any facts to support his claim that joinder prevented him from calling witnesses to testify on counts five and six or that the court's instructions were insufficient to enable the jury to compartmentalize the evidence of the separate offenses.

None of defendant's arguments withstand scrutiny; therefore, I need not consider whether they are relevant to contest the sufficiency of the evidence under Fed. R.Crim.P. 29 and defendant's motion for a judgment of acquittal will be denied.