FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35113 |
| Plaintiff - Appellee, | DC No. 3:98 cr-0056 MA |
| v. | |
| JESUS JOSE PEREZ ANDRADE, AKA Jorge Bravo-Bravo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted March 7, 2013[**]
Portland, Oregon

Before:    TASHIMA, CLIFTON, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case  suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Defendant-Appellant Jorge Bravo-Bravo (a/k/a Jesus Andradé-Perez)[1] appeals the district court's denial of his petition for a writ of *audita querela*, or in the alternative, a writ of *coram nobis*. Appellant seeks to vacate his 1998 conviction for possession with intent to distribute methamphetamine, for which he has already completed the sentence. He contends that he is entitled to relief because his sentencing guidelines for the 1998 conviction were based, in part, on a 1995 state court conviction for conspiracy to possess cocaine for sale. In 2010, a California court vacated the 1995 conviction and, in its place, entered a conviction for the lesser charge of mere possession of a controlled substance.

We review *de novo* a district court's denial of a petition for a writ of *audita querela* or *coram nobis*. *See United States v. Hovsepian*, 359 F.3d 1144, 1153 (9th Cir. 2004) (en banc); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. A party seeking a writ of *audita querela* must demonstrate "a legal defect in the conviction, or in the sentence which taints the conviction." *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997) (internal quotation marks omitted). Here,

---

[1] In the case caption, Appellant appears as Jesus Jose Perez-Andrade, but in his submissions on appeal, Appellant represents that his name is Jorge Bravo-Bravo and that his alias is Jesus Andrade-Perez. We refer to him simply as "Appellant."

Appellant has not demonstrated a sufficient possibility of prejudice to justify issuance of the writ. Appellant almost certainly would have received the same sentence on the 1998 conviction even had the 1995 conviction been as it stands today.

Appellant received three criminal history points for the original 1995 conviction, which led to an aggregate criminal history score of nine. Had the new 1995 conviction been in place, he would have received only two criminal history points because the sentence for the new conviction was less than one year and one month. *See* U.S.S.G. § 4A1.1(a)-(b) (1998). However, his aggregate criminal history score would have been eight, which would have produced the same criminal history category of IV and an identical guidelines range of 84-105 months. *See id.* § 5A. The fact that, in calculating Appellant's sentence in 1998, the district court actually lowered Appellant's criminal history category from IV to III, and sentenced him to the low end of the resulting guidelines range, only further diminishes the possibility that the outcome would have been different.

Even if Appellant would have received a lesser sentence on the 1998 conviction, there is little possibility that the continued existence of the original sentence could adversely impact him in the future. Appellant faced a mandatory minimum sentence on the 1998 conviction of 60 months. If he had received the

mandatory minimum rather than the 70 months he did receive, he would still earn three criminal history points for the 1998 conviction in calculating his sentencing guidelines for any subsequent offense, including his 2012 conviction on a charge of illegal re-entry. *See* U.S.S.G. § 4A1.1(a) (2012).

**2.** To warrant *coram nobis* relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva*, 287 F.3d at 760. These elements are conjunctive; thus, failure to meet any one of them is fatal. *Id.* Appellant cannot satisfy, at a minimum, the final of these elements. In this context, an error is "of a fundamental character" if it renders the entire proceeding "irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979); *see also Byrnes v. United States*, 408 F.2d 599, 602 (9th Cir. 1969). For the reasons stated above, the error in calculating Appellant's guidelines for the 1998 conviction – attributable to the record of the 1995 conviction – was inconsequential and therefore cannot possibly qualify as fundamental.

The judgment of the district court is **AFFIRMED.**

-4-