James Allen McCREARY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16546.

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1957.

[2]. Certiorari has been granted in these cases by the United States Supreme Court.

No appearance for appellant.

Harman Parrott, Asst. U. S. Atty., San Antonio, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion, filed under 28 U.S.C.A. § 2255, to set aside a judgment and sentence upon a verdict of a jury finding the appellant guilty of transporting in interstate commerce a stolen motor vehicle.

The only claim made below and here is: that the facts proven in the criminal action did not, under Hite v. United States, 10 Cir., 168 F.2d 973, establish that the automobile was stolen; and that, upon the record, he was entitled to a directed verdict of acquittal and the case should not have been submitted to the jury.

We put to one side the fact that the decision in the Hite case was expressly disapproved by the Supreme Court in United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430, to say: that it it established that a proceeding under 28 U.S.C.A. § 2255 constitutes a collateral attack upon the judgment and sentence of the court; and that matters which could and should have been raised upon direct appeal furnish no basis for the motion. Arthur v. United States, 5 Cir., 230 F.2d 666; Tussy v. United States, 5 Cir., 239 F.2d 172.

On the trial of the criminal case, in which appellant was represented by counsel, there were no exceptions to the charge, no attack upon the information. In effect what appellant sought to do below and seeks to do here is, by means of a Section 2255 motion, to retry the sufficiency of the evidence to sustain his conviction, and this he cannot do.

The judgment is affirmed.