(No. 34583.—

BERNARD EPHRAIM, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

BERNARD EPHRAIM, *pro se,* appellant.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (JOHN J. STAMOS, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal *pro se by* Bernard Ephraim from a judgment of the criminal court of Cook County entered March 14, 1957, dismissing his petition in the nature of a writ of error *coram nobis* to set aside his 1950 burglary conviction. The original criminal proceeding was reviewed and affirmed by this court upon writ of error in *People* v. *Ephraim,* 411 Ill. 118.

The present action is based upon the People's alleged failure to try defendant upon the burglary charge within four months of commitment as required by section 18 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1949, chap. 38, par. 748.) Although the common-law record of such proceedings recites that his counsel consented to a continuance so as to interrupt the statutory period, (See: *People* v. *Tamborski,* 415 Ill. 466,) defendant now contends that such statement was fraudulently entered into the record by the court clerk without factual basis and in contradiction of the transcript of evidence produced therein.

By the motion to dismiss the People have tacitly admitted all facts well pleaded by the defendant's petition but they argue that relief is barred by the applicable statute of limitations.

A petition in the nature of a writ of error *coram nobis* is a statutory action under section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 72,) which has been substituted for the common-law *coram nobis* writ, one of its functions being to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time of trial, which, if then known, would have prevented the judgment. (*People* v. *Rave,* 392 Ill. 435; *Thompson* v. *People,* 410 Ill. 256.) Although the remedy remains the same, the time within which it must be exercised has been limited by statute. Prior to 1955 it was provided that such actions could be brought at any time within five years from the date of final judgment, the period within which the petitioner was under legal disability or duress being expressly excluded. (Ill. Rev. Stat. 1949, chap. 110, par. 196.) In 1955, however, this section was amended to reduce the limitation period to two years, to exclude time during which the ground for relief was fraudulently concealed, and to expressly except void proceedings from this provision of the act. (Ill. Rev. Stat. 1955, chap. 110, par. 72.) Defendant was convicted of burglary on March 8, 1950, but did not file this petition until January 7, 1957. Although nearly seven years had elapsed since final judgment was rendered, no facts were alleged by defendant to toll the statute of limitations. Imprisonment is not "duress" within the meaning of the act, (*People* v. *Rave,* 392 Ill. 435); the erroneous failure to observe the four months' rule does not render a judgment void (*People* v. *Utterback,* 385 Ill. 239; *People* v. *Morris,* 3 Ill.2d 437; *United States ex rel. Hanson* v. *Ragen,* 166 F.2d 608); and defendant does not contend that the grounds for relief were materially concealed. Rather, he

admits in his brief to this court that he became aware of the alleged fraudulent record entries some three months after conviction. Upon these facts it is unnecessary for us to decide which of the limitation periods is applicable to these proceedings. Suffice it to say that relief is barred under both the 1949 and 1955 statutes. *Guth* v. *People,* 402 Ill. 286; *People* v. *Rave,* 392 Ill. 435.

Furthermore, it is our opinion that the present petition was improper for yet another reason. Despite his allegations of the clerk's misconduct, defendant did not bring this action to correct the record but rather to secure his release under the four months' rule. Although it is elementary that *coram nobis* proceedings are concerned only with matters which were unknown to the court at the time of trial, (*People* v. *Schuedter,* 336 Ill. 244; *People* v. *Loftus,* 400 Ill. 432; *People* v. *Evans,* 397 Ill. 330,) and that questions once adjudicated by valid means may not again be put in issue, (*People* v. *Byrnes,* 4 Ill.2d 109; *Gunnell* v. *Palmer,* 370 Ill. 206,) the identical points now raised by defendant were not only called to the court's attention in the burglary case but have been previously considered in other collateral proceedings. Both before, during, and after the original trial defendant raised the defense of the four months' rule; on September 14, 1950, he filed motions in the trial court to correct the common-law record and such were denied after hearing on the merits; he later instituted an unsuccessful *mandamus* action in this court in January, 1951, to force an amendment of the record, *certiorari* to the United States Supreme Court being denied in October, 1951; *habeas corpus* action was then filed in the United States District Court at Chicago, alleging an erroneous common-law record, but a writ was denied; writ of error was thereafter prosecuted to this court, and upon affirmation of the burglary conviction, post-conviction hearing was had and writ of error post-conviction refused. It is evident that the defendant has had his day in court, and

460

that no new facts were presented by his present petition to warrant further review. If he felt that the various courts had erred in their previous decisions, his remedy was by direct appeal and not by this collateral action. For the reasons stated, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*