(No. 34893.—

John Joseph Merkie, Appellant, *vs.* The People of the State of Illinois, Appellee.

*Opinion filed January 23, 1959.*

John Joseph Merkie, *pro se.*

Latham Castle, Attorney General, of Springfield, Benjamin S. Adamowski, State's Attorney, and William L. Carlin, of Chicago, for the People.

Mr. Justice Davis delivered the opinion of the court:

John Joseph Merkie, herein called petitioner, appearing *pro se,* appealed directly to this court from orders of the criminal court of Cook County dismissing his petition in the nature of a writ of error *coram nobis* and denying his motion to vacate the order of dismissal. This petition was filed under the provisions of section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1957, chap. 110, par. 72.) Since the petition sought to vacate judgments of conviction of crimes above the grade of misdemeanor, direct review is

proper. (*Glenn* v. *People*, 9 Ill.2d 335; *People* v. *Quidd*, 409 Ill. 137.) The record before us consists of the petition, the State's motion to dismiss, the complete transcripts of the proceedings in the original criminal cases and the subsequent proceedings under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1949, chap. 38, pars. 826-832.) In order to properly consider the issues, a brief resumé of all the proceedings is required.

In February of 1946, petitioner was indicted by the grand jury of Cook County for five distinct crimes. In causes numbered 46-372, 46-355, 46-356, and 46-357, he was charged with four separate armed robberies, and in cause numbered 46-354, with larceny of a motor vehicle. Petitioner, represented by the public defender, entered pleas of not guilty to all indictments, jury trial was waived in each case after petitioner had been advised by the court of his rights in this respect, and trial on all indictments commenced on February 20, 1946. Witnesses for, the People were sworn and examined in cause 46-372 and cross-examined by defense counsel. Petitioner then testified in his own behalf and called his mother as an additional witness. The court found him guilty of armed robbery as charged. Similar hearings and judgments followed in causes numbered 46-355 and 46-357. Petitioner then withdrew his plea of not guilty in cause number 46-354, which charged larceny of a motor vehicle and, after the court had fully admonished him as to the consequences of a plea of guilty, entered such plea. The indictment in 46-356 was stricken on motion of the People with leave to reinstate. After a judgment of guilty had been entered on each of the four indictments, the court heard evidence as to aggravation and mitigation of the offenses, which consisted largely of petitioner's previous convictions. The court then sentenced petitioner to serve a term of 20 to 40 years in the penitentiary on each of the armed robbery convictions and 1 to 20 years on the larceny judgment, but ordered that the sentence in cause

46-355 commence at the expiration of the sentence in 46-372 and that the sentences in 46-357 and 46-354 run concurrently with the sentence in 46-355. Prior to the imposition of these sentences, the State's Attorney had recommended a sentence of 20 to 40 years on the armed robbery indictments.

After the court had announced a consecutive sentence in cause 46-355, the assistant public defender objected and stated that he and the State's Attorney had agreed that, if the cases were not contested, the State's Attorney would recommend sentences of 20 to 40 years on each armed robbery charge; that it was his understanding that the sentences would run concurrently; and that his client had waived a jury because of such understanding. A discussion between court and counsel followed in which the court observed that petitioner had pleaded not guilty to and was tried on all charges except larceny of a motor vehicle, and had advised the court, prior to changing his plea from guilty to not guilty in that case, that no promises had been made to him. During this discussion, petitioner addressed the court on his own behalf and stated that he did not understand what the court meant by the word "promise." The trial court rejected the request to make all sentences concurrent and stated that petitioner's extensive prior criminal record made rehabilitation unlikely and that the vicious character of the assaults committed in the course of the robberies made it necessary that society be protected from further acts of such violence. All judgments were entered on February 20, 1946.

In 1952, petitioner filed a petition in the criminal court of Cook County, under the Post-Conviction Hearing Act, to review the aforesaid criminal proceedings. The petitioner contended that he had been deprived of his constitutional right to a jury trial; that he was under the influence of opiates at the time of trial and did not comprehend the nature of his jury waiver; and that his counsel had made

an agreement with the State's Attorney whereby the petitioner would receive concurrent sentences of 20 to 40 years on each of the four indictments if he would waive jury trial and not contest the charges. It was his position that the failure of the court to impose concurrent sentences in these cases, after such agreement had been made, constituted a fraudulent deprivation of his right to a jury trial. After answer by the People, extensive hearings were held on November 7, 12, and 18, 1952. Petitioner, who was represented by able counsel, was present at all times and testified in his own behalf. Many other witnesses appeared, including the assistant public defender who had represented petitioner in the original criminal proceedings and the assistant State's Attorney who had conducted the prosecution. A complete transcript of their testimony appears in the record and it fails to substantiate the charge that petitioner was under the influence of opiates at the time of his original trial. The evidence clearly establishes that the assistant State's Attorney agreed to and did recommend concurrent sentences of 20 to 40 years on the armed robbery charges, but the court refused to follow such proposal. Neither the State's Attorney nor the assistant public defender represented to the petitioner that it was certain the court would conform to the recommendation. The court had not been advised of the agreement between counsel prior to the conclusion of the trials and was not bound by it. (*People* v. *Hancasky,* 410 Ill. 148.) At the conclusion of the post-conviction hearings and after arguments of counsel, the court, on November 18, 1952, dismissed the petition. On January 22, 1954, this court, in memorandum opinion No. 1531, denied petitioner's application for writ of error to review that judgment.

On November 18, 1957, the present petition was filed in the criminal court of Cook County under section 72 of the Civil Practice Act. It advances the identical charge made in the post-conviction petition with reference to the

agreement concerning sentence. In addition, petitioner states that his counsel fraudulently concealed from the court that he desired to plead guilty with the understanding that he would receive concurrent sentences of 10 to 15 years on all indictments. On December 18, 1957, the People filed a motion to dismiss the petition on the ground that it was not filed within two years from the date of the original judgments and for the further reason that it failed to set forth facts entitling petitioner to the relief prayed. After appointing counsel to represent petitioner, the criminal court heard arguments on the motion and, on February 3, 1958, entered an order dismissing the petition. A motion to vacate this order, filed by petitioner on February 27, 1958, was denied by the court on March 7, 1958.

One of the functions of a proceeding in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act is to correct errors of fact not appearing in the record, which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Ephraim* v. *People,* 13 Ill.2d 456; *Glenn* v. *People,* 9 Ill.2d 335.) The proceeding is civil in nature and subject to the usual rules governing such actions. (*Glenn v. People,* 9 Ill.2d 335; *People* v. *Samman,* 408 Ill. 549; *Thompson* v. *People,* 398 Ill. 366.) The limitation provision of the statute found in subsection (3) reads: "The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." (Ill. Rev. Stat. 1957, chap. 110, par. 72(3).) In the case at bar, the original judgments sought to be vacated were entered on February 20, 1946. The petition was not filed until November 18, 1957, which was beyond the two-year period, and it was barred unless the exclusions of the statute were applicable. Petitioner does not contend that he has been under any

legal disability, and imprisonment is not "duress" within the meaning of the act. (*Ephraim* v. *People*, 13 Ill.2d 456; *People* v. *Rave*, 392 Ill. 435.) He suggests, however, that the grounds for relief now asserted were fraudulently concealed from him. The records filed in support of his action demonstrate the falsity of this contention. Every fact alleged by defendant in his petition was known to him at the time of trial. The facts concerning the agreement to recommend concurrent sentences were made known to the court at the conclusion of the trial. Petitioner's claim that his counsel thwarted his efforts to plead guilty and, by agreement, receive concurrent sentences of 10 to 15 years on all indictments is contradicted by his own testimony in the post-conviction hearing wherein he stated that he bargained for a sentence of 10 to 20 years, but his counsel told him that the State's Attorney "wouldn't hold still" for that recommendation and the best he could do for him was 20 to 40 years. The record shows that the facts upon which relief is predicated were admittedly within the knowledge of petitioner at the time of the original trial and there was no fraudulent concealment from petitioner of such grounds. Had petitioner desired to plead guilty at the time of his trial and had he communicated that wish to his counsel who prevented that action, as he now contends, those facts were known to petitioner from the outset, and we perceive no reason for his failure to bring them to the attention of the court within the time prescribed. *People* v. *Scheudter*, 336 Ill. 244.

The record in this case presents nothing more than an attempt to relitigate the questions which were previously considered and decided adversely to petitioner in the post-conviction proceeding. When questions have once been adjudicated by valid means they may not again be put in issue. (*Ephraim* v. *People*, 13 Ill.2d 456; *People* v. *Byrnes*, 4 Ill.2d 109.) The petitioner has had his day in court. No new facts have been presented to warrant further review

and opportunity has heretofore been afforded to vindicate all alleged rights.

After the present petition had been filed, the case was assigned to the trial judge who had heard the original cases and post-conviction proceeding. Petitioner filed a motion requesting that the judge disqualify himself, which was denied. Under the law as applied to the facts before the court, it would be the duty of any trial judge who heard the petition to sustain the motion to dismiss. Thus, it cannot be said that petitioner was prejudiced by the denial of the motion to disqualify. Moreover, there is no evidence in the record which would support a charge of bias or prejudice on the part of the judge who heard these cases.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*