**John MOSS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17462.**

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1959.

---

John Moss, in pro. per.

John E. Banks, Asst. U. S. Atty., Arthur L. Luethcke, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Approximately six months after the sentence on his plea of guilty, appellant sought a correction of it under F.R.Cr.P. 35, 18 U.S.C.A. As Rule 35 contemplates the correction of a sentence of a court having jurisdiction, Fooshee v. United States, 5 Cir., 1953, 203 F.2d 247, the Court properly considered the papers as an application under 28 U.S.C.A. § 2255 since it was urged that the sentence was void, not merely imperfect.

Moss was a confederate of Meyers, whose appeal, Meyers v. United States, 5 Cir., 1958, 260 F.2d 956, grew out of the very swindle involved here. That decision, and Londos v. United States, 5 Cir., 1957, 240 F.2d 1, certiorari denied Dudley v. United States, 353 U.S. 949, 77 S.Ct. 860, 1 L.Ed.2d 858, foreclose the questions here presented on the sufficiency of the indictment to state an offense under 18 U.S.C.A. § 2314. These concern the elements of interstate or foreign transportation and the status of the customer's draft instrument as a falsely made and forged security.

The remaining complaints go to the question of whether the intrinsic facts would establish the charge. Such matters must be presented by direct appeal and may not be reviewed by this collateral proceeding. Arthur v. United States, 5 Cir., 1956, 230 F.2d 666; Cawley v. United States, 5 Cir., 1958, 251 F.2d 461; McCreary v. United States, 5 Cir., 1957, 249 F.2d 433.

Affirmed.