Fuld, J.
In reversing the trial court’s denial of the defendant’s application for post-conviction relief, and in directing that a hearing be held, the Appellate Division left undecided the nature of the relief to be accorded the defendant if successful and, upon this appeal by the People, we direct ourselves to that question.
The defendant has alleged that he was wrongfully prevented by prison authorities from complying with the statutory requirements for the taking and perfecting of an appeal from a judgment of conviction. If his assertions are established, there can be no doubt, as the Appellate Division recognized, that the defendant was denied rights guaranteed by both Federal and State Constitutions, entitling him to judicial redress to undo the wrong. As to the form of such redress, it suffices to say that, although the writ of error coram nobis has traditionally been employed to bring to the attention of the trial court matters which occurred during the trial, this court has not hesitated to expand its scope when necessary to afford *94 the defendant a remedy in those cases in which no other avenue of judicial relief appeared available. (See, e.g., People v. Hill, 8 N Y 2d 935, affg. 9 A D 2d 451; People v. Sullivan, 3 N Y 2d 196, 198, 200.) In the Hill case (8 N Y 2d 935, supra), for instance, the court held that coram nobis was available to a defendant who, having failed to file a notice of appeal from his judgment of conviction within the time limited by statute, claimed that he was 4 4 insane ’ ’ during that period.
If, therefore, the defendant before us proves the allegations of his petition at the hearing which has been directed by the Appellate Division, the judgment of conviction should be vacated and the defendant remanded to the Brie County Court for reimposition of the sentence (nunc pro tunc) upon the verdict already had. He would then have an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment.
The order of the Appellate Division should be affirmed.
Chief Judge Desmond and Judges Van Voorhis, Burke and Foster concur with Judge Fuld; Judges Dye and Frobssel concur in result.
Order affirmed.