STATE OF TENNESSEE, Plaintiff in Error, v. N. HERBERT DAVIS alias Herbert Davis and Alvin W. Tatum, Defendants in Error.

466 S.W.2d 237.

Court of Criminal Appeals of Tennessee. Nov. 6, 1970.

Certiorari Denied by Supreme Court March 1, 1971.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Chattanooga, for plaintiff in error.

Carter Schoolfield and John B. Taylor, Chattanooga, for defendants in error.

## OPINION

MITCHELL, Judge.

This is an appeal by the State of Tennessee from the judgment of the Criminal Court of Hamilton County in vacating the judgment of that court and the order and judgment of the Court of Criminal Appeals in Case No. 114340-41 wherein N. Herbert Davis, alias Herbert Davis and Alvin Tatum were convicted on September 27, 1968, of the offense of receiving and concealing stolen property.

Davis and Tatum named above, who will be referred to as the defendants or by name, represented by privately retained counsel, were convicted in the Criminal Court of Hamilton County, Tennessee, on September 27, 1968, of receiving and concealing stolen property. A motion for a new trial was heard and overruled on October 21,

1968, and ninety days allowed by the Court to perfect an appeal and file a bill of exceptions.

A bill of exceptions was not filed within the time allowed by the trial court.

The Court of Criminal Appeals affirmed the conviction because the bill of exceptions was not filed within the time allowed by the court under the provisions of T.C.A. § 27-111 and because the defendants were represented by privately retained counsel, and no state action was involved, September 4, 1969.

The defendants were taken into custody awaiting final judgment on their appeal to this Court.

October 7, 1969, the defendants Davis and Tatum filed their petition for post-conviction relief as follows:

"Petitioners in this cause, Herbert Davis and Alvin Tatum, would show to the Court that they were convicted in the Second Division of Criminal Court of Hamilton County, Tennessee, of the offense of receiving and concealing stolen property on the 27th day of September, 1968, and petitioners aver that on the 21st day of October, 1968, the trial Court overruled a Motion for New Trial and granted 90 days within which to perfect an appeal. Petitioners aver that upon the overruling of a motion for a new trial, petitioners' attorneys requested the State employed Court Reporter to transcribe the record of this cause. That the said Court Reporter failed to so transcribe the record so as to deprive the defendants of their rights under the Constitution of the United States and of the State of Tennessee to have their appeal heard and considered

upon its merits by the appellate Courts. Wherefore, petitioners aver that they are entitled to relief under the Post-Conviction Act of the State of Tennessee.

WHEREFORE, PETITIONERS PRAY:

1. That they be allowed to file this petition, that the Court entertain and act on same.

2. That upon the hearing of this cause, they be granted such relief as the laws of this State demands, and be granted a new trial, as provided by law."

October 8, 1969, the Criminal Court of Hamilton County, ordered the sheriff of Hamilton County to keep the defendants in custody until further orders of the Court.

A hearing was conducted by the Court on defendants' petition on October 21, 1969, in which the Court Reporter and defendants' counsel testified.

Counsel for the defendants testified that within two weeks after the motion for a new trial was denied he requested the official Court Reporter, who reported the case, to prepare and transcribe the bill of exceptions. That on other occasions he casually and informally inquired of the reporter about the record or the bill of exceptions in the Davis and Tatum case. That a short time before the expiration of the ninety days the reporter saw him in the hall and said, "I've got a problem with this record I need an order." Counsel thought he meant he needed additional time to prepare the record. The reporter wrote counsel a letter, on January 21, 1969, telling him he still did not have the order.

On October 22, 1969, the trial judge entered the following memorandum and order:

"117662 N. Herbert Davis, alias Herbert Davis and Alvin W. Tatum v. State of Tennessee—Post-Conviction Petition.

## ORDER

"This cause having come on to be heard before the Honorable Campbell Carden, Judge of the Criminal Court of Hamilton County, Tennessee, Division One, on this the 21st day of October, 1969, upon petition filed by N. Herbert Davis and Alvin W. Tatum to set aside the conviction heretofore entered against them. The Court, after hearing the evidence, arguments of Counsel, and due consideration, is of the opinion that the allegations contained in the petition are well taken and are sustained by the proof; that is, that the defendants were denied their rights to an effective appeal by virtue of the fact that the Court Reporter failed to prepare their bill of exceptions within the time allowed by law.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the judgment of conviction of the Criminal Court of Hamilton County, Tennessee, and the Order of the Court of Appeals in Case No. 114340-41, be and hereby is vacated and set aside and the defendants or petitioners herein, granted a new trial without prejudice to either the State of Tennessee or the petitioners herein. Further, it is ORDERED that in the meantime, the defendants are released upon their making bond in the amount of One Thousand ($1,000.00) Dollars each.

"It is further ORDERED THAT THIS cause be remanded to the Second Division of the Criminal Court of Hamilton County, Tennessee, for further proceedings not inconsistent with this order. To all of which the State of Tennessee duly excepts, and is granted Thirty Days in which to perfect an appeal.

"Entered this 22nd day of October, 1969.

/s/ Campbell Carden
_____
Judge"

From this action of the trial court the State has appealed and assigned errors as follows:

"1. He had no jurisdiction to entertain the case, and

"2. There was no evidence to justify a holding that the defendant was deprived of an appellate review of his case because of no fault of his own."

The State's first assignment of error that the trial court "had no jurisdiction to entertain the case" must be overruled.

We find that the provisions of the Post-Conviction Procedure Act T.C.A. §§ 40-3801, 40-3824 conferred jurisdiction on the trial court to hear and determine the allegations in the petition in this case.

The provisions of T.C.A. § 40-3824 here quoted;

"Bail during new trial or delayed appeal—Exception. —When a new trial or delayed appeal in the nature of a writ of error is granted, release on bail shall be discretionary with the trial judge pending further proceedings. In all other cases the petitioner shall not be entitled to bail. (Acts 1967, ch. 310, 23.),"

clearly show that "a new trial" or "delayed appeal in the nature of a writ of error" were contemplated.

■ Now turning to the State's second assignment of error, "that there was no evidence to justify a holding that the defendant was deprived of an appellate review of his case because of no fault of his own."

The trial judge found that the allegations in the petition were sustained by the proof, that the defendants were denied their rights to an effective appeal because the court reporter failed to prepare their bill of exceptions within the time allowed by law. That petitioner's counsel, within two weeks after the motion for a new trial was overruled, requested the official court reporter to prepare the record, and the court reporter testified he was completely "snowed under" with work. That the failure to file the bill of exceptions, within the time allowed, was through no fault of counsel.

We do not think the evidence preponderates against the finding of the trial court.

The State's second assignment of error is overruled.

■ We are of the opinion that the delay and expense of a new trial ordered by the trial court can be avoided, and the same object, an appellate review, can be more directly achieved by following the procedure of re-sentencing the defendants, adopted by the New York Court of Appeals in People v. Hairston, 10 N.Y.2d 92, 217 N.Y.S.2d 77, 176 N.E.2d 90 (1961) where it was held:

"A defendant who is wrongfully prevented by prison authorities from complying with statutory require-

ments for taking and perfecting an appeal is entitled to judicial redress to undo denial of constitutional rights."

And in People v. Callaway, 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969) Court of Appeals of New York which held:

> "The defendant herein is entitled to a hearing as to the truth of his allegation that his lawyer had led him to believe that an appeal would be taken and that he reasonably relied on that assurance. If it be found upon the hearing that he was induced by reason of that representation, to allow his time to take an appeal to expire or that he was misled as to his right to appeal, he should—in accordance with the procedure we have adopted—be re-sentenced nunc pro tunc upon the previous finding of guilt so as to afford him 'an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment.' "

Therefore it is ordered that the case be remanded to the trial court with directions that the defendants be re-sentenced, nunc pro tunc, upon the previous findings of guilt and that the appeal be perfected, the time for which will date from the rendition of the judgment.

WALKER, P. J., concurs.

WALKER, Presiding Judge (concurring).

This petitioner is entitled either to a retrial or to be resentenced. A resentence will accomplish the appeal of which he claims he was unconstitutionally denied.

The record before us shows that the court reporter

prepared a bill of exceptions but did not file it because the time granted by the court had expired.

By the procedure followed in People v. Hairston, supra, the judgment of conviction was vacated and the defendant remanded to the trial court for reimposition of the sentence upon the verdict already had. The defendant then had the opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment.

Under T.C.A. § 40-3818 the court may vacate and set aside the judgment and enter an appropriate order and any supplementary orders necessary and proper. The appropriate order in this case is that the defendant be resentenced.