In the Matter of the Petition of Scott BROCKMUELLER For a Writ of Error Coram Nobis.

No. 14740.

Supreme Court of South Dakota.

Argued April 10, 1985.

Decided Sept. 6, 1985.

Craig K. Thompson, Clay County State's Atty., Vermillion, for appellant.

John Blackburn of Blackburn & Stevens, Yankton, for appellee; Donna K. Dietrich of Blackburn & Stevens, Yankton, on brief.

WOLLMAN, Justice.

This is an appeal by the state from an order of the trial court that granted Scott Brockmueller's petition for a writ of error coram nobis and vacated Brockmueller's conviction on a third offense driving while intoxicated charge. We affirm and remand.

On February 4, 1981, Brockmueller was convicted in Turner County, South Dakota, of DWI. On May 27, 1981, Brockmueller was convicted in Yankton County, South Dakota, of DWI. In neither of these cases was an information filed by the state.

On February 19, 1982, Brockmueller was arrested for DWI in Clay County, South Dakota. He was indicted by a Clay County Grand Jury on March 26, 1982. On March 31, 1982, the state filed a Part II information charging Brockmueller with a Class 6 felony based upon his two prior DWI convictions. SDCL 32-23-4.

Brockmueller was convicted by a jury on June 4, 1982, on the principal DWI offense. On July 22, 1982, Brockmueller admitted the convictions contained in the Part II information and was sentenced to one year in the county jail, with nine months suspended on certain conditions, and placed on probation for a period of two years. No post-conviction proceedings were initiated by Brockmueller.

On April 20, 1983, we held in *Honomichl v. State*, 333 N.W.2d 797, 798 (S.D.1983), that a court cannot acquire subject matter jurisdiction over a DWI offense unless a "formal and sufficient indictment or information" is filed. Consequently, on January 26, 1984, and February 1, 1984, Brockmueller's DWI convictions in Turner County and Yankton County were, upon application to the respective magistrate courts, vacated due to lack of subject matter jurisdiction.

On July 27, 1984, Brockmueller petitioned the Clay County circuit court for a writ of error noram Nobis seeking to vacate his Class 6 felony conviction on the ground that his two prior DWI convictions were void and had been vacated. It is from the order granting the petition that the state appeals.

■ Coram nobis is an extraordinary writ of common law origin. *United States v. Morgan*, 346 U.S. 502, 507, 74 S.Ct. 247, 250, 98 L.Ed. 248, 254 (1954). *See also Fanning v. State*, 85 S.D. 246, 249, 180 N.W.2d 853, 854 (1970). It has been held that

> [t]he jurisdiction of a court to grant relief under it is of limited scope. Any proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise. *United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Only where there are errors of fact of "the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid," can redress be had. Relief will be granted only when circumstances compel such action "to achieve justice." *United States v. Morgan, supra*, 346 U.S. p. 511, 74 S.Ct. p. 252.

*United States v. Cariola*, 323 F.2d 180, 184 (3rd Cir.1963) (quoted with approval in *Byrnes v. United States*, 408 F.2d 599, 602 (9th Cir.1969) (citations omitted)). *See also United States v. Scherer*, 673 F.2d 176, 178 (7th Cir.1982).

■ Generally, this extraordinary writ is only available to attack convictions involving collateral legal disadvantages which survive the satisfaction of a sentence. *Byrnes v. United States, supra,* citing (*United States v. Morgan, supra*). *See United States v. Scherer, supra.* More importantly, statutory remedies must be unavailable or inadequate before a petition for coram nobis relief can be granted. *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir.1973); *United States v. Katz*, 494 F.Supp. 1287, 1291 (M.D.Fla. 1980).

The principal questions on appeal are (1) whether the writ of coram nobis is available in South Dakota, and (2) whether the facts of this case warrant its application.

■ SDCL 1–1–24 provides in pertinent part: "In this state the rules of the common law ... are in force, except where they conflict with the will of the sovereign power, expressed in the manner stated in § 1–1–23." SDCL 1–1–23 reads:

> The will of the sovereign power is expressed:
>
> (1) By the Constitution of the United States;
>
> (2) By treaties made under the authority of the United States;
>
> (3) By statutes enacted by the Congress of the United States;
>
> (4) By the Constitution of this state;
>
> (5) By statutes enacted by the Legislature;
>
> (6) By statutes enacted by vote of the electors;
>
> (7) By the ordinances of authorized subordinate bodies;
>
> (8) Rules of practice and procedure prescribed by courts or adopted by departments, commissions, boards, officers of the state or its subdivisions pursuant to authority so to do.

Thus, to the extent not supplanted under the provisions of SDCL 1–1–23, the rules of the common law apply. The state contends that the legislature has preempted the writ of coram nobis by enacting statutes that govern the vacating of judgments. We disagree.

In 1966 the legislature enacted the Uniform Post Conviction Procedure Act, SDCL ch. 23A–34, providing in part:

[T]his chapter comprehends and takes the place of all other common law, or statutory or other remedies which have heretofore been available for challenging the validity of a conviction or sentence, and shall be used exclusively in place of them.

SDCL 23A–34–2.

■ In *Fanning v. State, supra,* this court construed the Act as, inter alia, preempting the common law writ of coram nobis. 85 S.D. at 249, 180 N.W.2d at 854. There is no question that pursuant to the Act Brockmueller could have obtained the relief he presently seeks. In 1983, however, the legislature repealed the Post Conviction Procedure Act, 1983 S.D.Sess.Laws ch. 169, § 15, incorporating it in large part within the Habeas Corpus Act as amended in 1983. SDCL ch. 21–27. The writ of habeas corpus will be issued only if the applicant is imprisoned or restrained of his liberty. *Moeller v. Solem,* 363 N.W.2d 412, 414 (S.D.1985) (citing *Application of Painter,* 85 S.D. 156, 160, 179 N.W.2d 12, 14 (1970)). *See* SDCL 21–27–1, 21–27–3, and 21–27–16. Because Brockmueller's term of incarceration has been completed, habeas corpus will not issue.

Furthermore, it is apparent that no other statutory remedy is available to Brockmueller to vacate his invalid felony conviction. SDCL 23A–30–1 authorizes a court to arrest judgment for lack of jurisdiction over the offense charged, but only upon motion to the court made within ten days after the verdict. Brockmueller correctly argues that he could not be charged with the knowledge that approximately nine months subsequent to his felony conviction this court would hold that a court could not acquire jurisdiction over a DWI offense in the absence of an information. *Honomichl v. State, supra.*

SDCL 23A–31–1 empowers the court to correct an illegal sentence at anytime or reduce a sentence illegally imposed within one year from its imposition. Federal decisions interpreting Rule 35 of the Federal Rule of Criminal Procedure, on which SDCL 23A–31–1 is modeled, hold that a motion for correction of an illegal sentence presupposes a valid conviction. *See Fooshee v. United States,* 203 F.2d 247, 248 (5th Cir.1953); *Cook v. United States,* 171 F.2d 567, 570 (1st Cir.1948). *See also Moss v. United States,* 263 F.2d 615 (5th Cir.1959) (rule relating to correction or reduction of sentence contemplates the correction of a court having jurisdiction); 3 Wright & Miller, *Federal Practice and Procedure,* § 582 at 380–81 (2nd ed. 1982).

■ Inasmuch as Brockmueller has been convicted of a Class 6 felony based on two subsequently vacated DWI convictions, and because the foregoing statutes provide no recourse to vacate the invalid felony conviction, we hold that the writ of error coram nobis is the appropriate remedy.

The state nevertheless contends that Brockmueller waived the jurisdictional defects by admitting the Turner and Yankton County DWI convictions at the time he entered a plea of guilty to the felony charge.

■ The state's argument ignores the rule of *Honomichl* that jurisdiction cannot be acquired by estoppel. *See also State v. Mee,* 67 S.D. 589, 591, 297 N.W. 40, 41 (1941). Simply stated, jurisdictional defects cannot be waived.

■ The state further argues that coram nobis is inapplicable in this case as the writ is available to redress only errors of fact and not of law. We hold, however, that coram nobis encompasses legal errors of constitutional significance such as jurisdictional defects. *United States v. McCord,* 509 F.2d 334, 341 (D.C.Cir.1974); *United States v. Wickham,* 474 F.Supp. 113, 116 (C.D.Cal.1979); 3 Wright & Miller, *Federal Practice and Procedure,* § 592 at 428 (2nd ed. 1982).

The error presented in this case is of the fundamental nature contemplated by coram nobis. To allow a felony conviction to stand when it is based upon void convic-

tions would be an injustice of the first magnitude.

■■■ We hasten to add, however, that our holding should not be construed as equating the writ of error coram nobis with the broader remedies formerly encompassed within the Uniform Post Conviction Procedure Act and now encompassed within our habeas corpus statutes. It will be the rare case indeed in which coram nobis will be recognized as the appropriate remedy. It will not be countenanced as merely another avenue of appeal, but will be limited to those cases, such as the one before us, when its application is necessary to remedy what would otherwise be a profound injustice.

There is some question whether the trial court's order is so broadly worded as to vacate the principal DWI offense on which Brockmueller was convicted on June 4, 1982. Brockmueller concedes that no jurisdictional defect exists with respect to that conviction, as contrasted with the felony conviction resulting from the use of the invalid prior convictions. Accordingly, although we affirm the order appealed from, we remand the case to the circuit court with directions to make whatever changes are necessary in the order to clarify the status of the judgment entered with respect to the June 4, 1982, principal offense conviction.

The order is affirmed, and the case is remanded with the directions heretofore set forth.

MORGAN, J., concurs.

HENDERSON, J., concurs specially.

FOSHEIM, C.J., and WUEST, Acting Justice, dissent.

HENDERSON, Justice (concurring specially).

Born of necessity, as an emergency measure, the writ of coram nobis, originating in the Sixteenth Century, exists to afford a remedy against injustice—when no other remedy is available. *People v. Hairston,* 10 N.Y.2d 92, 217 N.Y.S.2d 77, 176 N.E.2d 90 (1961); *Kiger v. United States,* 315 F.2d 778 (7th Cir.1963), *cert. denied,* 375 U.S. 924, 84 S.Ct. 270, 11 L.Ed.2d 166 (1963). With the repeal of the Uniform Post Conviction Act by the State Legislature in 1983, the remedies available under the common law, specifically coram nobis, became available. This is subject, of course, to the Habeas Corpus Act, as amended in 1983, SDCL ch. 21–27, which largely supplanted the Post Conviction Procedure Act. Brockmueller is not restrained of his liberty. Thus, the Habeas Corpus Act is not available to him. And I say: became available *again,* for the verbiage in *Fanning v. State,* 85 S.D. 246, 180 N.W.2d 853 (1970), suggests that this Court, in 1970, recognized this ancient writ as a historic common law writ. The language in *Fanning* implies that it had been engulfed by the Uniform Post Conviction Act.

The United States Supreme Court has recognized the validity of the writ of coram nobis. A research of coram nobis cases will reveal several cases in the highest Court of this land and general support of said writ. For a case supporting the concept that the writ, just as issued in this case, is to rectify an unjust situation for an error of fact not apparent on the record and unknown to the court at the time of trial which would have brought about a different result, *see Janiec v. McCorkle,* 52 N.J.Super. 1, 144 A.2d 561 (1958), *cert. denied,* 362 U.S. 944, 80 S.Ct. 811, 4 L.Ed.2d 772 (1960), *cert. denied,* 365 U.S. 804, 81 S.Ct. 470, 5 L.Ed.2d 461 (1961). *See also, Dwyer v. State,* 151 Me. 382, 120 A.2d 276 (1956) (citing *Hysler v. Florida,* 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932 (1942)). Historically, at common law, a coram nobis writ of error was presented to a chancery court but a judgment is now challenged in the court where the judgment was entered. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). As the procedural background reflects in the case at bar, Brockmueller did go before the trial court where his invalid convictions were of record.

When Brockmueller was called to trial on the Part II Information (felony), he was in no position to call to the attention of the trial court a decision made by this Court in *Honomichl v. State*, 333 N.W.2d 797 (S.D. 1983). This legal point is critical. For, if Brockmueller knew grounds for relief and failed to call it to the attention of the trial court, he could not thereafter raise it by a writ of coram nobis. *People v. Painter*, 214 Cal.App.2d 93, 29 Cal.Rptr. 121 (1963). That the judgments, upon which the felony was predicated, would be later vacated due to jurisdictional defects, was a fact unknown to him at the time of entry of his plea and without fault on his part. It was a mistake of fact on his part. This was also unknown to the trial court when the plea was accepted. If known to Brockmueller or the trial court, rendition of the felony judgment would not have taken place. Coram nobis therefore lies. *People v. Tuthill*, 32 Cal.2d 819, 198 P.2d 505 (1948). The invalidity of the Part II Information could only be shown by reference to matters dehors the record, matters which arose subsequently. Events occurring after the judgment have been treated as within the ambit of coram nobis. *Hairston*, 217 N.Y.S.2d 77, 176 N.E.2d 90. More specifically, as applied to the case at bar, a judgment—based on a judgment which is subsequently reversed—may be vacated on a writ of error coram vobis. *Butler v. Eaton*, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713 (1891).

There are three final legal points I wish to address. First, the writ of error coram nobis is not exhausted simply due to the fact that the judgment has been fully executed. *Lopez v. Killigrew*, 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631 (1931). Second, a writ of error coram nobis is a civil, as distinguished from criminal, proceeding. Yet, it is available in criminal and civil cases. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; *People v. Paiva*, 31 Cal.2d 503, 190 P.2d 604 (1948); *State v. Miller*, 161 Kan. 210, 166 P.2d 680 (1946), *cert. denied*, 329 U.S. 749, 67 S.Ct. 76, 91 L.Ed. 646 (1946); *People v. Fowler*, 175 Cal.App.2d 808, 346 P.2d 792 (1959),

*cert. denied*, 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732 (1960); *Duncan v. Robbins*, 159 Me. 339, 193 A.2d 362 (1963). Third, the burden of proof is upon the petitioner to establish the validity of his pleading by a preponderance of the evidence, *Dwyer v. State*, 120 A.2d 276 (1956), and civil procedure rules generally govern in the premises. *See Merkie v. People*, 15 Ill.2d 539, 155 N.E.2d 581 (1959), *cert. denied*, 359 U.S. 1015, 79 S.Ct. 1156, 3 L.Ed.2d 1039 (1959); *Glenn v. People*, 9 Ill.2d 535, 137 N.E.2d 336 (1956).

It is not my intention to supplant the substantive thought of the majority opinion. I agree with its substantive base: A man should not have a felony conviction on his record based upon two invalid convictions. Coram nobis: our Court; coram vobis: before you. These are separate writs. The latter being a writ of error directed by a reviewing tribunal to a lower court (which tried the cause) to correct an error of fact.

WUEST, Acting Justice (dissenting).

I dissent.

In 1966, the legislature enacted the Uniform Post Conviction Procedure Act. Chapter 121, Session Laws of 1966, Section 1, provided, among other things, the Act "comprehends and takes the place of all other common law, statutory or other remedies which have heretofore been available for challenging the validity of the conviction or sentence, and shall be used exclusively in place of them." In a comment to the Act by the Commissioners on uniform state laws, they stated:

> The aim of this section is to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment.
>
> Section 1 of the proposed act is aimed to incorporate and protect all rights presently available under habeas corpus, cor-

am nobis, or other remedies. The change is a procedural one.

*See* 11 ULA at 486.

As stated in the majority opinion, the 1983 Legislature repealed the Post Conviction Procedure Act, S.D.Sess.L. 1983, ch. 169, section 15, incorporating a large part within the Habeas Corpus Act. *See* SDCL ch. 21–27. The purpose of this change was to eliminate judicial review of convictions except as authorized by the Habeas Corpus Act, as amended.

In my opinion, the legislature preempted the writ of coram nobis—if it ever existed in South Dakota—when they adopted the Post Conviction Procedure Act, repealed it, and broadened the habeas corpus remedy. *See, e.g., State v. Iverson,* 79 Ida. 25, 310 P.2d 803 (1957).

In this case, Brockmueller admitted the convictions contained in part two of the information. He never challenged them, appealed, nor brought a post-conviction proceeding before its repeal. There was to be some finality to a judgment. Brockmueller could have challenged the convic-

tions prior to admitting them. *Honomichl* did not change the law, it merely educated Brockmueller and others.

One of the requirements of the Writ is that it will lie only to correct errors of fact and not errors of law. 18 Am.Jur.2d *Coram Nobis* § 3; 24 C.J.S. *Criminal Law* § 1606(2)(a); *State v. Becker,* 263 Minn. 168, 115 N.W.2d 920, 921 (1962); *State v. Turner,* 194 Neb. 252, 231 N.W.2d 345 (1975).

Since the issue raised here is lack of knowledge of the legal effect of *Honomichl, supra,* and not lack of knowledge of any fact or facts, a Writ of Coram Nobis will not lie.

I am authorized to state that Chief Justice FOSHEIM joins in this dissent.