#26745-a-SLZ

**2014 S.D. 5**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CARLOS GARCIA,                                  Plaintiff and Appellant,

v.

STATE OF SOUTH DAKOTA,                          Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

PAUL EISENBRAUN of
Grey Law, Prof. LLC
Rapid City, South Dakota                        Attorneys for plaintiff
                                                and appellant.


MARTY J. JACKLEY
Attorney General

MATT NAASZ
Assistant Attorney General
Pierre, South Dakota                            Attorneys for defendant
                                                and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 14, 2014

OPINION FILED **02/05/14**

#26745

ZINTER, Justice

[¶1.]        In 2013, Carlos Garcia petitioned for a writ of error *coram nobis*, seeking to vacate a 2001 criminal conviction.  He argued that the conviction was invalid because he pleaded guilty without being given *Padilla* and *Boykin* advisements.  The circuit court granted summary judgment in favor of the State.  Garcia appeals.  We affirm.

*Facts and Procedural History*

[¶2.]        Carlos Garcia is a Honduran national.  He has lived in the United States since 1987.  In 2001, Garcia pleaded guilty to a felony in South Dakota.  He received a four-year suspended sentence.  Currently, Garcia is involved in removal and deportation proceedings that are based on his 2001 conviction.

[¶3.]        During his arraignment in 2001, Garcia was fully advised by the circuit court of his rights, including his right to a jury trial, his right to confront and cross-examine the witnesses against him, and his right against self-incrimination.  He was asked if he understood those rights—he responded that he did.  Garcia was then advised of his charges and the different pleas available to him.  As part of the advisement, the court explained that a guilty plea would waive the rights that Garcia had just been advised of.  Garcia pleaded not guilty.

[¶4.]        Twenty-one days later, at a change-of-plea hearing, Garcia pleaded guilty.  During this hearing, the circuit court did not repeat the advisement given at the arraignment.  The court did, however, ask Garcia whether "anybody threatened or promised [him] anything to get [him] to enter the plea of guilty[.]"  He responded no.  The court accepted Garcia's guilty plea, found him guilty, and entered its

sentence.  Prior to his 2001 plea, Garcia's counsel had not advised Garcia of the possible deportation consequences of a guilty plea.

[¶5.]        In 2013, Garcia filed a petition for a writ of error *coram nobis*, seeking to vacate his 2001 conviction.[1]  He argued that the conviction was invalid because he pleaded guilty without being given *Padilla* and *Boykin* advisements.  *See Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010); *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).  The State moved for summary judgment, which the circuit court granted.  Garcia appeals.[2]

*Decision*

[¶6.]        Garcia argues that the circuit court erred in denying *coram nobis* relief.  We have strictly limited the nature of the claims that are reviewable under *coram nobis*.  *Coram nobis* is not "merely another avenue of appeal[.]" *In re Brockmueller*, 374 N.W.2d 135, 139 (S.D. 1985).

> [It] is limited to reviewing a criminal conviction respecting some error in fact (or fundamental jurisdictional error), as opposed to an ordinary error in law, that without the fault of the petitioner was unknown at the time of the questioned proceedings, or unrevealed because of fraud or coercion, without which the judgment would not have been entered, and for which there is no other available remedy.

---

1.    This is Garcia's first postconviction challenge to his 2001 conviction.

2.    On appeal from a grant of summary judgment, we "determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law." *Hass v. Wentzlaff*, 2012 S.D. 50, ¶ 11, 816 N.W.2d 96, 101 (quoting *Saathoff v. Kuhlman*, 2009 S.D. 17, ¶ 11, 763 N.W.2d 800, 804).  Garcia did not object to the State's Statement of Undisputed Material Facts.  Therefore, we determine whether, under those facts, the State was entitled to summary judgment as a matter of law.

*Gregory v. Class*, 1998 S.D. 106, ¶ 18, 584 N.W.2d 873, 878 (citations omitted). It is only "the rare case . . . in which *coram nobis* will be recognized as the appropriate remedy." *In re Brockmueller*, 374 N.W.2d at 139; *see also Gregory*, 1998 S.D. 106, ¶ 19, 584 N.W.2d at 879 ("[T]he scope of *coram nobis* has receded with the advent of statutory remedies such as habeas corpus.").

*Padilla*

[¶7.]        Garcia first asserts an ineffective-assistance-of-counsel claim. He argues that his 2001 conviction was invalid because he was not advised by his attorney of the risk of deportation arising from a guilty plea. *See Padilla*, 559 U.S. at 374, 130 S. Ct. at 1486 (holding that the Sixth Amendment of the United States Constitution requires a criminal defense attorney to "inform her client whether his plea carries a risk of deportation"). However, even if Garcia received ineffective assistance of counsel, his request for *coram nobis* relief fails for two reasons.

[¶8.]        First, ineffective-assistance claims are not cognizable under *coram nobis* because the ultimate issue is a legal question. *See Gregory*, 1998 S.D. 106, ¶¶ 18, 25, 584 N.W.2d at 878, 880 (limiting *coram nobis* relief, in part, "to reviewing a criminal conviction respecting some error in fact (or fundamental jurisdictional error), as opposed to an ordinary error in law[;]" and noting that "ineffective assistance claims are not usually cognizable in *coram nobis* proceedings"); *see also State v. Tejeda-Acosta*, ___ S.W.3d ___ (Ark. 2013) (holding that a claim of ineffective assistance of counsel, based on *Padilla*, was "outside the purview of a *coram-nobis* proceeding"); *People v. Kim*, 202 P.3d 436, 454 (Cal. 2009) (explaining "[t]hat a claim of ineffective assistance of counsel, which relates more to a mistake

of law than of fact, is an inappropriate ground for relief on *coram nobis*"); *State v. Diaz*, 808 N.W.2d 891, 896 (Neb. 2012) (holding that the defendant's ineffective-assistance claim, based on *Padilla*, was a question of law, "not cognizable under a writ of error *coram nobis*"); *Trujillo v. State*, 310 P.3d 594, 602 (Nev. 2013) (holding that an ineffective-assistance claim, based on *Padilla*, was not within the limited scope of the common-law writ of *coram nobis* because the ultimate issue is a legal question); *cf. In re Brockmueller*, 374 N.W.2d at 141 ("Since the issue raised here is lack of knowledge of the legal effect of [a case decided after conviction], and not lack of knowledge of any fact or facts, . . . [c]oram [n]obis will not lie.") (Wuest, Acting J., dissenting) (Fosheim, C.J., joining in dissent).

[¶9.]      Second, even if *coram nobis* relief were available to remedy ineffective-assistance claims, Garcia has no ineffective-assistance claim based on *Padilla*.  It is now settled that we do "not apply the United States Supreme Court's decision in *Padilla* retroactively to cases that were decided prior to *Padilla*."  *State v. Garcia*, 2013 S.D. 46, ¶ 27, 834 N.W.2d 821, 826.  Because Garcia's conviction became final prior to *Padilla*, Garcia cannot benefit from its holding in this proceeding.

*Boykin*

[¶10.]      Garcia also seeks *coram nobis* relief on the theory that, at his change-of-plea hearing, the circuit court failed to advise him of his *Boykin* rights—i.e., his right to a jury trial, his right to confront his accusers, and his privilege against compulsory self-incrimination—and of the resulting waiver of those rights if he pleaded guilty.  In effect, Garcia claims that because the circuit court did not repeat

its *Boykin* canvassing at the change-of-plea hearing, *Boykin* was violated. Garcia's

*coram nobis* claim fails for three reasons.

[¶11.] First, *coram nobis* is not available to remedy a *Boykin* violation.

Garcia's claimed error, if true, is neither an "error in fact" nor a "fundamental

jurisdictional error."[3] *See Gregory*, 1998 S.D. 106, ¶ 18, 584 N.W.2d at 878.

Instead, as Garcia acknowledges, a *Boykin* violation involves a legal error.

Therefore, *coram nobis* is unavailable. *State v. Wilson*, 234 N.W.2d 208, 210 (Neb.

1975) ("[S]ince any alleged failure of the District Court to properly inform the

---

3. In some habeas corpus proceedings, we have stated that violations of a defendant's constitutional rights may be considered a jurisdictional error. *See, e.g.*, *Monette v. Weber*, 2009 S.D. 77, ¶ 6, 771 N.W.2d 920, 923. This language is inapplicable in a *coram nobis* proceeding. The "jurisdictional" errors cognizable in *coram nobis* are limited to errors such as lack of subject matter jurisdiction. *See In re Brockmueller*, 374 N.W.2d at 136-37, 139 (vacating a felony DUI conviction because the underlying DUI convictions had been vacated for lack of subject matter jurisdiction). Thus, although *coram nobis* was available as a limited remedy in *In re Brockmueller*, we specifically cautioned "that our holding should not be construed as equating the writ of error *coram nobis* with the broader remedies formerly encompassed within the Uniform Post Conviction Procedure Act and now encompassed within our habeas corpus statutes." *Id.* at 139.

    In this case, we need not delineate the jurisdictional errors that could be cognizable in *coram nobis*, though we note that "any number of constitutional claims cannot be vindicated on *coram nobis*." *See Kim*, 202 P.3d at 448 (noting that the following constitutional claims are not cognizable in *coram nobis*: unconstitutional sentences, double jeopardy, ineffective assistance of counsel, and improper admission of evidence); *see also Gregory*, 1998 S.D. 106, ¶¶ 21, 25-26, 584 N.W.2d at 879-80 (rejecting availability of *coram nobis* to remedy claims involving defective informations, ineffective assistance of counsel, and cruel and unusual punishment).

[defendant] of his constitutional rights would clearly be an error of law, a writ of error *coram nobis* is not the appropriate remedy.").[4]

[¶12.]     Second, *Boykin* was decided before Garcia pleaded guilty. Therefore, any claimed *Boykin* violation could have been raised by Garcia while he was subjected to the restraints of his sentence (or before it was imposed). *See* SDCL 23A-27-11 ("Time for withdrawal of plea of guilty or nolo contendere"); *see also State v. Olson*, 2012 S.D. 55, 816 N.W.2d 830; *State v. Goodwin*, 2004 S.D. 75, 681 N.W.2d 847. And "issues . . . that could have been previously asserted cannot serve as a basis for *coram nobis* relief." *Gregory*, 1998 S.D. 106, ¶ 1, 584 N.W.2d at 875; *see also id.* ¶ 21 ("Petitioners for *coram nobis* relief must show that the matters on which they rely were not known to them and could not in the exercise of diligence have been discovered at an earlier time."); *Kim*, 202 P.3d at 447 ("A writ of [error] *coram nobis* is not available where the defendant had a remedy by (a) appeal or (b) motion for new trial and failed to avail himself of such remedies." (alteration in original) (citations omitted)); *Trujillo*, 310 P.3d at 601-02 (holding "that any error that was reasonably available to be raised while the petitioner was in custody is waived, and it is the petitioner's burden on the face of his petition to demonstrate

---

4.     Like a claimed *Padilla* violation, a claimed *Boykin* violation ultimately relates more to a mistake of law than fact. *See Stuck v. Leapley*, 473 N.W.2d 476, 479 n.4 (S.D. 1991) ("[T]he legal validity of a prior conviction under *Boykin* is a question of law or at least a mixed question of fact and law to be resolved by the trial court." (citation omitted)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) ("The validity of a guilty plea is a question of law we review de novo." (citation omitted)); *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996) ("Whether a defendant entered a knowing and voluntary guilty plea presents a question of law which this court reviews de novo." (citations omitted)).

that he could not have reasonably raised his claims during the time he was in custody").

[¶13.]      Finally, Garcia's *Boykin* claim fails even if we were to expand the scope of *coram nobis* to include *Boykin* violations and ignore Garcia's failure to raise the issue in an earlier proceeding.  Garcia's claim fails because the record indicates that he knowingly and voluntarily relinquished his *Boykin* rights.

[¶14.]      *Boykin* requires that before a defendant pleads guilty, he "be advised of his rights relating to self-incrimination, trial by jury, and confrontation," and "that [he] intentionally relinquish or abandon known rights."  *State v. Smith*, 2013 S.D. 79, ¶ 8, 840 N.W.2d 117, 120 (quoting *Monette*, 2009 S.D. 77, ¶ 10, 771 N.W.2d at 924 (citing *Boykin*, 395 U.S. at 243 n.5, 89 S. Ct. at 1712 n.5)).  Garcia claims that the twenty-one-day gap between his *Boykin* advisement and his guilty plea rendered his plea constitutionally flawed.  Our cases do not support his claim.

[¶15.]      "Under our precedent, this time span alone does not constitute a deprivation of constitutional rights."  *Monette*, 2009 S.D. 77, ¶ 14, 771 N.W.2d at 926 (citations omitted).  We have approved intervals between a *Boykin* canvassing and a subsequent guilty plea that exceeded twenty-one days.  *See Stacey v. State*, 349 N.W.2d 439, 441-42 (S.D. 1984) (thirty days); *Clark v. State*, 294 N.W.2d 916, 919-20 (S.D. 1980) (twenty-six days).  Instead of focusing solely on time intervals, when there has been some *Boykin* canvassing, "[w]e look to the totality of the circumstances [to ascertain] whether a plea was made knowingly and voluntarily."  *Olson*, 2012 S.D. 55, ¶ 20, 816 N.W.2d at 836 (quoting *State v. Beckley*, 2007 S.D. 122, ¶ 14, 742 N.W.2d 841, 846) (internal quotation marks omitted).  In examining

the totality of the circumstances, while we do consider the time between a *Boykin* advisement and a guilty plea, we also consider "the defendant's age; his prior criminal record; [and] whether he is represented by counsel[.]" *Id.* (quoting *Beckley*, 2007 S.D. 122, ¶ 14, 742 N.W.2d at 846). Tellingly, Garcia does not address these relevant considerations.[5]

[¶16.]     Considering the relevant facts, Garcia's *Boykin* claim fails because the record indicates that he knowingly and voluntarily relinquished his constitutional rights. At his arraignment, Garcia was fully advised of, and acknowledged that he understood, his *Boykin* rights. The court also explained that a guilty plea would waive those rights. Twenty-one days later, at his change-of-plea hearing, Garcia intentionally relinquished those rights when he pleaded guilty. After inquiry from the court, Garcia confirmed that his guilty plea was being entered free of threats or promises. Moreover, throughout both hearings, he was represented by counsel, and nothing in the record suggests that Garcia's age or criminal record adversely affected a knowing and voluntary guilty plea. Consequently, even if *coram nobis* relief were available to remedy a *Boykin* violation, Garcia has no right to relief because the record indicates that he knowingly and voluntarily relinquished his *Boykin* rights.

---

5.     Garcia only addresses the time-interval factor. He implicitly claims that a *per se Boykin* violation occurs if a court fails to give a *Boykin* advisement at the same hearing where the guilty plea is entered.

[¶17.]     Because *coram nobis* is unavailable to remedy Garcia's claimed *Padilla* and *Boykin* violations, the circuit court did not err in granting the State's motion for summary judgment.[6]

[¶18.]     GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.

---

6.     Because Garcia's claimed *Padilla* and *Boykin* violations do not warrant *coram nobis* relief, we do not address the circuit court's ruling on laches.